# Richmond

ALICE C. MITCHELL, ET AL. v. R. E. COX AND OTHERS.

March 7, 1949.

Record No. 3441.

Present, All the Justices.

The opinion states the case.

*A. E. Cooley*, for the appellants.

*Jack M. Matthews* and *S. F. Landreth*, for the appellees.

MILLER, J., delivered the opinion of the court.

This is a chancery suit to ascertain the rights of the parties litigant in a tract of land with improvements thereon, in Carroll county, and to determine what liens and encumbrances are upon the real estate and to whose interest chargeable.

From a final decree entered on January 28, 1948, Alice C. Mitchell and Edgar J. Mitchell obtained this appeal. They will be designated appellants. R. E. Cox, complainant in the lower court, Mountain Loan Corporation and First National Bank of Galax are the appellees.

Judgments of $176.95 and $861.02, with accumulated interests and costs, in favor of Mountain Loan Corporation and First National Bank of Galax, respectively, were adjudged to be liens upon the interest of Edgar J. Mitchell in the real estate. That decree also determined that Alice C. Mitchell was indebted to R. E. Cox in the sum of $3,000, with interest from April 5, 1947, which was ordered to be paid upon receipt of deed from him conveying his interest in the land to her.

Appellants contend that both judgments are barred by the statute of limitations and that if R. E. Cox is entitled to recover anything from Alice C. Mitchell, it is considerably less than $3,000. Specifically they say:

A. That after the rendition of September 18, 1926, of

the judgment for $176.95, which was upon a note, another note for $216.34, executed by Edgar J. Mitchell and R. E. Cox, was given and accepted in payment of that judgment, interest and costs, which constituted a novation and thus a cancellation of the judgment. A judgment was secured on February 11, 1929, against Edgar J. Mitchell and R. E. Cox on this second note, but no execution ever issued thereon. They, therefore, now say that the entire debt is so extinguished and barred;

B. The judgment for $861.02 was obtained on March 12, 1928, and as no return was ever made on the execution issued on January 17, 1930, it is now unenforceable; and

C. That the pleadings were not sufficient upon which to base the judgment of $3,000 in favor of appellee, R. E. Cox. However, if he were entitled to recover anything from Alice C. Mitchell, she should be allowed a credit or deduction of approximately $779.92, on the $3,000 to be paid for the interest of R. E. Cox in the real estate.

A recital of the transactions between the parties concerning the acquisition of this land and their respective actions incident thereto is necessary for an understanding of their contentions and a determination of the questions presented.

On September 2, 1944, H. P. Burnett, special commissioner in a chancery cause, sold 106 acres of land, more or less, with improvements thereon to Edgar J. Mitchell and R. E. Cox for $6,485. The sale was upon terms of one-fourth cash, with the balance payable on time and evidenced by three notes, each executed by the two purchasers. The cash payment of $1,621.25 was made by R. E. Cox. The three notes were afterwards acquired by H. P. Burnett in his individual capacity. As special commissioner, he conveyed the land to Edgar J. Mitchell and R. E. Cox, but reserved a vendor's lien thereon to secure payment of the notes. These notes, totaling $4,863.75, held by Burnett were not paid at maturity and he instituted a chancery suit against Edgar J. Mitchell and R. E. Cox to enforce the vendor's lien upon the land. During pendency of the suit,

Mitchell and Cox, with the consent of Burnett, sold 14 acres of the land to Dean Cox for $2,300.03, which sum was credited upon the notes held by Burnett. Nothing further was paid upon the notes until October 18, 1946, when Alice C. Mitchell paid to Burnett the balance due thereon, which, with accumulated interest, amounted to $3,142.13, and the notes were assigned, without recourse, to her. She also paid to Burnett $150 to cover the costs of the suit he had instituted to enforce the vendor's lien and that proceedings was dismissed.

At this stage of the transactions, the remaining 92 acres of land stood in the names of R. E. Cox and Edgar J. Mitchell. The latter had actually paid nothing on the purchase price though Cox had furnished the entire initial payment of $1,621.25.

Appellee, R. E. Cox, then instituted this suit to second March rules, 1947, against Alice C. Mitchell and Edgar J. Mitchell. He alleged his payment of the initial sum of $1,621.25, and his willingness to pay his part of the balance still due on the notes. He charged that Edgar J. Mitchell had paid nothing and had refused to assume his proportionate part of the obligations. He sought to have the court determine what interest, if any, Edgar J. Mitchell had in the land and to have partition and sale of the property, if necessary, to effect a division and settlement of the rights of the parties. He also offered to accept the whole of the property and pay the obligations thereon, and prayed that an accounting be had between the interested parties.

The answer of appellants, filed during July, 1947, admits the payment made by R. E. Cox, but charges that he had collected rents from the property and sold timber therefrom. It also set forth that Alice C. Mitchell had acquired the interest of Edgar J. Mitchell in the real estate. The answer further asserts that R. E. Cox has no rights or interest in the real estate or the subject matter of the suit other than to ask for his obligation on the notes to be cancelled because his interest in the land had been acquired by Alice C. Mitchell on April 5, 1947, under a written instrument of

that date. It is filed as a part of the answer and reads as follows:

"I, Alice C. Mitchell, agree to pay to R. E. Cox $3,000.00 for his interest in the N. A. Cox place, payable in 90 days from this date with interest from date with right of anticipation. I also agree that the land can be sold at auction at the earliest possible time, under court decree.

"This 5th day of April, 1947.

"I agree to accept the above offer for my interest in the N. A. Cox place upon the above terms and upon the further condition that all the cost and expenses of every kind and description in connection with the sale and suit now pending be paid by the said Alice C. Mitchell, except that I am to pay my attorney.

"R. E. Cox."

The answer asked for an accounting and credit for all Alice C. Mitchell had paid and that if the land be sold she be declared entitled to all the proceeds therefrom after payment of what was found to be due R. E. Cox on the written instrument.

The cause was referred to a commissioner, but the decree of reference does not appear in the record. In his report, the rights of the litigants in the land and what liens were chargeable to the respective parties and their interests are set forth. It appears from this report that he was asked by the litigants to construe the contract of April 5, 1947. Alice C. Mitchell and R. E. Cox made statements setting forth their understanding and interpretation of the instrument. By agreement of counsel for both parties, those statements were given the same effect as if they had been presented in deposition form and no objection was made by anyone to their introduction in evidence.

The commissioner reported that there had been a novation of the judgment for $176.95 in favor of Mountain Loan Corporation against Edgar J. Mitchell and others by the corporation having accepted a note for $216.34, executed by Edgar J. Mitchell and R. E. Cox and the judgment had been thereby cancelled and obliterated. He further re-

ported that there had never been any execution issued on the judgment obtained on the $216.34 note and that it was therefore barred by the statute of limitations. It is not contended by Mountain Loan Corporation that any execution was ever issued on the second judgment, but it denies that there was a novation and extinguishment of the first judgment of $176.95.

The commissioner reported that execution had been issued on the 17th day of January, 1930, on the judgment for $861.02 obtained on March 12, 1928, by First National Bank against Edgar J. Mitchell, but no return made. He concluded that it was still a lien upon any real estate involved in an old creditor's suit styled *Peoples State Bank v. J. S. Mitchell, C. B. Worrell, et als*, in which suit it had been proved and rendered in the year 1928, but that it did not constitute a lien upon any property not involved in that suit.

The commissioner construed the written instrument of April 5, 1947, and concluded that Alice C. Mitchell should pay R. E. Cox $3,000, with interest from its date, which would be in full settlement of his interest in the land, and upon conveyance thereof to her, he would stand acquitted of all further obligations incident thereto. The payment and conveyance were to settle all obligations and transactions between those two parties.

Upon exceptions to these findings, the court determined that there had been no novation and cancellation of the judgment for $176.95, by the acceptance of the note for $216.34, and decreed that the $176.95, with accumulated interest and cost, was a lien upon the interest of Edgar J. Mitchell in the real estate. It also sustained the exception to the commissioner's finding relative to the judgment of $861.-02 and held that it was a lien against the interest of Edgar J. Mitchell in the subject matter of this suit and enforceable in this cause. His construction of the written instrument of April 5, 1947, was approved. If necessary to effect payment of the lien upon Edgar J. Mitchell's interest and the $3,000 owed by Alice C. Mitchell to R. E. Cox, the land was ordered to be sold by a special commissioner.

It would serve no good purpose to discuss at length the evidence offered to establish that there had been a novation and cancellation of the $176.95 judgment by acceptance and substitution therefor of the note of Edgar J. Mitchell and R. E. Cox for $216.34. It is somewhat conflicting and different inferences might be drawn therefrom. However, in addition to oral testimony of witnesses that the parties then interested intended it as a novation and extinguishment of the judgment, there appears a notation upon the creditor's records strongly indicative of that conclusion. The first note and debt had been entered on the creditor's records as No. 877. The new note given after rendition of the judgment was numbered 2004. Upon receipt of this note for $216.34, which was the amount of the judgment, interest and costs, a notation was made on the records opposite No. 877 as follows: "Taken up by note of E. J. Mitchell and R. E. Cox, No. 2004."

Novation and extinguishment of an existing obligation by acceptance of a new and other evidence of indebtedness is primarily a matter of intention and must be established by clear and satisfactory proof. *Nachman* v. *Chatham-Phenix Nat. Bank, etc., Co.,* 161 Va. 576, 171 S. E. 676; *Strother* v. *Strother,* 106 Va. 420, 56 S. E. 170, and 20 R. C. L., "Novation", sec. 8, p. 366. Yet whether or not that intention existed is to be determined by all the relevant facts and circumstances attending the transaction.

The report of the commissioner does not have the same weight as the verdict of a jury rendered on conflicting evidence. Section 6179 of the Code, 1942 (Michie), *Lohman* v. *Sherwood,* 181 Va. 594, 26 S. E. (2d) 74, and *Gilmer* v. *Brown,* 186 Va. 630, 44 S. E. (2d) 16. Yet when based upon testimony taken in his presence, his factual finding is entitled to much weight and should not be disturbed unless unsupported by the evidence. *Cottrell* v. *Mathews,* 120 Va. 847, 92 S. E. 808; *American Surety Co.* v. *Hannah,* 143 Va. 291, 130 S. E. 411; *Hitt* v. *Smallwood,* 147 Va. 778, 133 S. E. 503; *Parkes* v. *Gunter,* 168 Va. 94, 190 S. E. 159; *Parksley Nat. Bank* v. *Parks,* 172 Va. 169, 200 S. E. 629;

*Rorer* v. *Taylor*, 182 Va. 49, 27 S. E. (2d) 923, and *Lohman* v. *Sherwood, supra.*

■ That a novation was intended by the interested parties when the note of Edgar J. Mitchell and R. E. Cox was accepted in the exact amount of the existing judgment, interest and court costs, and the entry made upon the creditor's records as set out above, is established by the evidence. That conclusion is fortified by the fact that no further execution was ever issued on the first judgment but the second note was reduced to judgment and docketed.

A careful consideration of the evidence discloses that the conclusion of the commissioner was amply supported by both oral and documentary proof and fully justified.

It having been established that a novation was consummated, it is clear that the second judgment for $216.34, rendered on February 11, 1929, and upon which execution was never issued, is barred by the statute of limitations. Sections 6474 and 6477 of the Code, 1942 (Michie), and *Duffy* v. *Hartsock*, 187 Va. 406, 46 S. E. (2d) 570.

We hold that this debt of $176.95, evidenced by notes which were reduced to judgments, is now extinguished and barred and does not constitute a lien upon the subject matter of this suit.

Only one execution was ever issued upon the judgment for $861.02, upon which there was no return. Unless there be some saving circumstance, the judgment is barred. Secs. 6474 and 6477 of Code, and *Duffy* v. *Hartsock, supra.*

It is, however, contended that this judgment was kept alive and enforceable against this real estate acquired by Edgar J. Mitchell in 1944 because it was rendered in a creditor's suit styled *Peoples State Bank* v. *J. S. Mitchell, C. B. Worrell, et als,* which is still pending. It is not clear from the record whether the judgment was obtained against J. S. Mitchell and Edgar J. Mitchell in an action at law against them and proved in the above-styled suit, or whether the note was presented and proved as a debt therein and judgment actually rendered thereon by a decree in that suit. If it be conceded that a decretal judgment was awarded

against the two Mitchells in that chancery suit, it nowhere appears that this tract of land or any property whatever of Edgar J. Mitchell was involved in that cause.

The decision in the case of *Gunnell* v. *Dixon*, 101 Va. 174, 43 S. E. 340, is authority that it would not in any event be now enforceable except against property or subject matter involved in that cause. The judgment creditor, however, relies upon the provisions of section 5826a of the Code, 1942 (Michie), which was enacted subsequent to that decision. He insists that its effect is to keep any judgment that was obtained in that suit fully alive so long as the suit is pending, and render it enforceable against land acquired by the debtor fourteen years subsequent to issuance of the execution upon which there was no return.

In his report, the commissioner speaks of the suit of *Peoples State Bank* v. *J. S. Mitchell, C. B. Worrell, et als,* as a creditor's suit. However, we find no evidence or proof whatever in the record to establish its character or nature. The only intimation of its character or purpose is found in a question propounded to one of the witnesses. The question and answer read:

"Q. On this note of $861.02 to the First National Bank, the depositions in the creditors suit of *Peoples State Bank* v. *J. S. Mitchell, C. B. Worrell, etc.*, show a note of that amount and on those parties as filed, and proved by the depositions, and judgment entered by the court. Of course you are not undertaking when you say you don't remember, that there wasn't such a note?

"A. I had notes on Jim Mitchell and I remember some transaction where Brooks Worrell was connected. I think that all came up after I was out. There was a note there at the time I remember for them."

That it was "commenced as a general creditor's suit or as a general lien creditor's suit, or as a suit to enforce a mechanics lien" or "which become such by subsequent proceedings" spoken of in sec. 5826a of the Code is not established and may not be inferred from the question asked. If the effect of sec. 5826a is to wholly stop the running of

the statute of limitations in all respects as to a debt proved in the character of suit mentioned insofar as property of the debtor not involved in that suit is concerned, then it should be clearly established that the suit is of the character and nature specified in the statute, and that the debt was presented and dealt with as therein required. That does not appear from the record. We do not undertake to determine the scope and effect of that statute as the record before us is wholly insufficient to establish the nature of the old chancery suit referred to.

We conclude that the commissioner was correct in deciding that the judgment of $861.02 was not a lien upon the interest of Edgar J. Mitchell in the subject matter of this suit. So much of the decree of January 8, 1948, which is to the contrary, we deem erroneous.

■ Appellants' assertion that the pleadings are insufficient upon which to base the judgment of $3,000, rendered against Alice C. Mitchell is without merit. The original bill, among other things, sought to have determined the rights of the parties in the real estate, secure an accounting and obtain general relief. The answer set up certain affirmative matters among which was the contract and agreement of April 5, 1947. In it, appellant, Alice C. Mitchell, offered to pay what was due thereon and likewise asked for an accounting and determination of the rights of the parties in the real estate, and that it be sold, if necessary. Both parties interested in the effect of the instrument under which the $3,000 was found due gave their interpretation thereof without objection. True, the contract was not in existence when the bill was filed and it would have been more appropriate to bring this new and additional fact before the court by a supplemental bill, Lile's Equity Pleading and Practice, 2nd Ed. sec. 155, p. 78, and *Bibb* v. *American Coal, etc., Co.*, 109 Va. 261, 64 S. E. 32; yet it was made a part of the answer and its interpretation and effect became and was a matter of litigation upon sufficient pleadings.

The situation here presented is very different from that

appearing in the case of *Switzer* v. *Switzer*, 167 Va. 193, 188 S. E. 161, relied on by appellants. There the claim and right to the relief ultimately sought were not in issue by any pleading. Here the claims of each party under the contract were expressly in issue and litigated to finality.

Appellant, Alice C. Mitchell, says the contract should be interpreted to the effect that she was to pay the $3,000 for the interest of R. E. Cox, after he had been charged with half the purchase price of the land, less the $2,300.03 paid by Dean Cox for the 14 acres which was credited upon the notes. Appellee, R. E. Cox, contends that it was a sale of his interest in the land as it stood for $3,000 without accounting as to interest or rents and without further payment by him or charge against him upon the original unpaid purchase price notes that were then owned by Alice C. Mitchell.

The evidence given by the parties without objection concerning their understanding of the meaning of the instrument and the circumstances surrounding its execution sustain the interpretation and finding of the commissioner that Alice C. Mitchell was indebted to R. E. Cox in the sum reported. That part of the decree which adopts and puts into effect that construction and conclusion and directs payment by Alice C. Mitchell of $3,000, with interest, to R. E. Cox upon conveyance of his interest in the land is correct.

For the reasons herein set forth, the decree is affirmed in part, reversed in part, and the cause remanded for such further proceedings therein as may be requisite and not in conflict with this opinion.

*Affirmed in part, reversed in part and*
*remanded.*