# Richmond

JUNE E. STORM v. NATIONWIDE MUTUAL INSURANCE COMPANY, ETC.

April 26, 1957.

Record No. 4644.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Herbert K. Bangel (A. A. Bangel* and *Bangel, Bangel & Bangel,* on brief), for the plaintiff in error.

*John S. Rixey (Rixey & Rixey,* on brief), for the defendant in error.

MILLER, J., delivered the opinion of the court.

On June 23, 1956, June E. Storm, hereinafter called plaintiff, filed motion for judgment against Nationwide Mutual Insurance Company, formerly Farm Bureau Mutual Automobile Insurance Company, hereinafter called the Company, for $5,000, with interest from November 1, 1955. A plea of res adjudicata was interposed by the Company, and upon trial by the court of the issue presented, judgment was entered sustaining the plea and dismissing plaintiff's motion for judgment. We granted plaintiff an appeal.

Plaintiff alleged in her motion that on November 1, 1955, she obtained judgment against Richard Earlie Goodwin for $12,000 for personal injuries sustained by her on August 29, 1954, because of the negligent operation by Goodwin of a Chevrolet automobile owned by Martha V. Olsen, upon which the Company had issued an automobile liability insurance policy in the sum of $5,000, which was then in effect. It was further alleged that the policy covered the car owner and all persons using the automobile with the consent of the insured, express or implied, and that Goodwin was using the car under the terms of the policy and applicable statute[1] and was "an assured under said policy."

---

[1] See §§ 38.1-380 and 38.1-381, Code 1950, which constitute a part of the policy. *Maxey* v. *American Casualty Co.,* 180 Va. 285, 23 S. E. 2d 221; *State Farm Mutual, etc., Insurance Co.* v. *Cook,* 186 Va. 658, 43 S. E. 2d 863; *Newton* v. *Employers Liability Assurance Corp.,* 107 F. 2d 164.

The plea of res adjudicata alleged that Goodwin had instituted an action at law in the circuit court of Norfolk city against the company and in construing the same insurance policy, the court had held that Goodwin "was not an insured under the aforesaid policy at the time of the accident." Attached to the plea of res adjudicata were exhibits A, B, and C, *i.e.*, certified copies respectively of the motion for judgment, grounds of defense and judgment order in Goodwin's case against the company, which was styled Richard Earlie Goodwin, Bailee v. Farm Mutual Bureau Automobile Insurance Company. It is conceded that in Goodwin's case against the Company, the court had jurisdiction of the parties and the subject matter and that the Chevrolet automobile, insurance policy and accident referred to in the two actions are the same.

The motion for judgment (Exhibit A) filed by Goodwin, Bailee, against the Company alleges that Goodwin entered into a contract for the purchase of the Chevrolet automobile from Martha Virginia Olsen on July 30, 1954, and that Martha Virginia Olsen held a policy issued by the Company covering any damage that might be sustained by others by operation of the automobile and that Goodwin's purchase of the automobile not having been completed, he was in possession of the vehicle as bailee when it was in collision with a car owned by Fred Storm in which Storm's vehicle was damaged in the amount of $631 which sum Goodwin had personally paid, and he was suing the Company for reimbursement. In its grounds of defense (Exhibit B) to Goodwin's action, the Company alleged that Melvin C. Olsen had originally purchased the Chevrolet automobile, but he arranged for title to be taken in the name of his mother, Martha Virginia Olsen, as the owner, and the policy was issued to her as the named insured. It was further alleged that on August 14, 1954, Melvin C. Olsen, with his mother's consent, sold and delivered the car to Goodwin, and Goodwin paid for it in full on August 28, 1954, and that when the collision happened on August 29, 1954, Goodwin was the sole and unconditional owner of the automobile, and neither Melvin C. Olsen nor Martha Virginia Olsen had any interest therein.

Thus the motion for judgment and the grounds of defense (Exhibits A and B) presented the issue in that action of whether or not Goodwin was an insured under the policy when the collision occurred.

The judgment order (Exhibit C) did not state upon what ground the judgment was entered in favor of the Company. However, the

testimony in the action brought by Goodwin against the Company, which was preserved and introduced in the present action along with Exhibits A, B, and C, in support of the plea of res adjudicata, shows that Melvin C. Olsen, an infant, purchased the car and had title put in his mother's name; that the liability policy in a maximum sum of $5,000 for bodily injury was issued to her as owner of the vehicle. Young Olsen, with his mother's consent, sold the car to Goodwin and the last payment on the purchase price was made by Goodwin at 11 p. m., August 28, 1954. Olsen, his mother and Goodwin intended having title transferred to Goodwin on Monday, August 30. However, the accident in which Fred Storm's automobile was damaged and June E. Storm injured occurred on Sunday, August 29, 1954. The Chevrolet car was demolished and the contemplated title transfer was never consummated.

The pleadings and judgment order (Exhibits A, B, and C), and this testimony are sufficient to prove conclusively that in the action brought by Goodwin against the Company for recovery of the money paid by him to Storm for damage to Storm's car, the court decided that Goodwin was the *owner* of the Chevrolet automobile at the time of the collision and was not operating the car with the consent of the named insured, express or implied.

It is asserted by the Company that as the issue of whether or not Goodwin was insured was determined in its favor in the action brought by him against the Company, that issue is now res adjudicata, and that judgment prevents plaintiff from maintaining her action against the Company. Plaintiff contends that no privity existed between her and Goodwin when judgment was rendered against him, and that judgment cannot be res adjudicata of her claim against the Company. She asserts that she is entitled to litigate the issue of whether or not Goodwin was insured under the policy when the accident in which she was injured occurred.

Generally speaking, the factors necessary to invoke successfully the defense of res adjudicata are stated thus in the following authorities:

"A judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack." 8 M. J., Former Adjudication, § 10, p. 581.

"A judgment is not res adjudicata if it does not go to the merits of the case. To constitute a bar, it must appear either upon the face of the record or be shown by extrinsic evidence that the previous question was raised and determined in the former suit, and that the former suit was determined on its merits." 8 M. J., Former Adjudication, § 12, p. 584.

"A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." 50 C. J. S., Judgments, § 627, p. 52.

"The true test of the conclusiveness of a former judgment with respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point was in issue and adjudicated in the first suit; * * *" 50 C. J. S., Judgments, § 719, p. 198. 30 Am. Jur., Judgments, § 172, p. 914.

The issue decided in the former action must have been identical with the issue presented in the second action, and the party now sought to be barred by the plea must have been the same party or one in privity with the party against whom the judgment was rendered. *Patterson* v. *Anderson*, 194 Va. 557, 74 S. E. 2d 195.

■ Undoubtedly the issue presented in the two actions was the same, and the judgment in the former action was upon the merits of that issue. The sole question now to be decided is whether or not privity existed between the present plaintiff, June E. Storm, and the former plaintiff, Goodwin. If it did exist, the plea of res adjudicata was rightly sustained, but if privity between those two was lacking, the plea should be overruled. 8 M. J., Former Adjudication, § 14, p. 588, § 15, p. 591; 30 Am. Jur., Judgments, § 222, p. 954; 50 C. J. S., Judgments, §§ 787, 788, pp. 322, 324; *Patterson* v. *Anderson, supra.*

"There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res adjudicata. Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another

that he represents the same legal right." 30 Am. Jur., Judgments, § 225, p. 957.

[█] When the plea of res adjudicata is invoked between parties claiming rights under automobile liability insurance policies, it is usually held that provisions that give the injured person the right to sue the insurer do not enlarge or extend the insurer's liability but only permit the injured person to exercise or succeed to the insured's rights against the insurer.

Defenses that may be asserted by the insurer against the insured are usually good against the injured person, if they do not arise from agreement after the accident and are not made as a result of collusion between the insurer and the insured. It is said that "Such judgment creditor stands in the insured's shoes and is chargeable with any breach of condition as well as failure of proof of facts on which liability depends. * * *" 5A Am. Jur., Automobile Insurance, § 186, p. 182. 5A Am. Jur., Automobile Insurance, § 188, p. 185; 29 Am. Jur., Insurance, § 1087, p. 816.

"As regards insurance voluntarily taken out, with which alone this annotation is concerned, the right of the insurer, subject to certain exceptions hereafter alluded to, to avail itself as against the injured person of defenses that would have been available as against insured, is supported by the great weight of authority. The rule in this regard is declared in many cases in broad and comprehensive terms. * * *" 85 A. L. R. 58. 121 A. L. R. 890; 137 A. L. R. 1016.

█ Sections 38.1-380 and 38.1-381, Code 1950, are, by force of their provisions, made a part of the policy and were enacted for the benefit of those who suffer damage from the negligent use of the car by one operating it with the permission of the owner, express or implied. *Maxey* v. *American Casualty Co., supra; Mitchell* v. *Cox,* 189 Va. 236, 52 S. E. 2d 105.

Under this legislation the policy of insurance is not solely one of indemnity for loss by the named insured, but it is a contract of liability and is extended to cover anyone operating the vehicle with the permission of the named insured. The legislation having been enacted for the benefit of the injured parties, it is to be liberally construed so that the purpose intended may be accomplished. *Jordan* v. *Shelby Mutual, etc., Casualty Co.,* 142 F. 2d 52. Thus it is clear that an injured party is a beneficiary under the policy from the moment of injury if the vehicle was being operated with the consent of the owner named in the policy.

In *Bailey* v. *U. S. Fidelity and Guaranty Co.*, 185 S. C. 169, 193 S. E. 638, the insurance company issued one Thomas an automobile liability policy on July 13, 1935, under which liability was excluded if injury occurred when the automobile was driven by one under fourteen years of age.

Action was then brought by the company against Thomas to have the policy declared void because of violation of its terms, and the company sought to be released of all liability to the insured by reason of an accident in which Bailey was injured. Bailey was not made a party to this action for a declaratory judgment and Thomas did not answer the complaint. The court that heard the matter gave judgment as prayed. Thereafter Bailey obtained judgment against Thomas for injury sustained in the accident of March 7, 1936, and then sued the company on that judgment under the provisions of the policy. The company relied upon the judgment theretofore obtained by it in its declaratory action against Thomas and moved for a directed verdict. The motion was overruled and judgment entered against the company. In sustaining that judgment and commenting upon the defense of res adjudicata, the appellate court said:

"The other question presented and argued is whether the plaintiff's rights are barred by the declaratory judgment obtained by the insurance company against Thomas, the insured. The appellant contends that this question should be answered in the affirmative for the reason, as stated by its counsel, that Bailey's rights were derived by him through the insured, and that he was, therefore being in privity with the insured, bound by such judgment, although he was not made a party to the action in which it was obtained.

"It is not denied that the policy in question is one for indemnity against liability and not indemnity against loss. 'In the former case the insurer's obligation becomes fixed when liability attaches to the insured. In the latter case the insurer's liability does not attach until loss has been suffered, that is, when the insured has paid the damages.' 1 Joyce on Insurance (2d Ed.) § 27b.

"As already stated, the declaratory judgment against Thomas was obtained by the company after the accident in which the plaintiff, Bailey, was injured and after his rights as a third party had accrued, and in a suit to which he was not made a party. The trial judge held that, in this situation, the plaintiff's rights were not barred by such judgment.

\*     \*     \*     \*     \*     \*     \*

"It seems clear from the above definition of privies, and from our examination of other authorities in reference thereto, that Bailey, under the admitted facts of this case, does not come within any class of those above defined as privies. It appears therefore that no privity exists between the respondent and Thomas, the insured, as contended by the appellant, which would give to the declaratory judgment against Thomas alone the effect of barring the rights of Bailey. In any event, Bailey would not be a privy, in the sense that he would be bound by the judgment, unless his rights had accrued after the rendition thereof; if rights are acquired by a person, as by the respondent in the present case, before that fact, such person is not bound unless made a party to the action. 2 Black on Judgments, 654." At pages 175, 176.

In *Ross* v. *American Employers' Liability Co.*, 56 N. J. Eq. 41, 44, 38 A. 22, 23, in declaring the status and rights of the injured party against the insurer on a liability policy quite similar to that here involved, the court said:

"The recovery of the judgment against the insured by the injured party is not the injury against which the insurer insures him, but it is the liability for the consequences of the accident against which he is insured, and of which liability the judgment is a mere mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it.

\*    \*    \*    \*    \*    \*    \*

"And in the case of a judgment against the party insured under one of these policies for damages for the result of an accident, the liability, though legally fixed at that time, relates back to the accident itself. In contemplation of law the insured either was or was not, from the first, liable for the consequence of the accident; and the presumption is that the result of an investigation of the facts was never doubtful from the first, and always sure to result according to the actual fact. So that the recovery of the judgment cannot be held or treated in the law as a contingency which may or may not happen, but a mere judicial ascertainment of the intrinsic character of the occurrence which determined the liability of the insured."

In *Hocken* v. *Allstate Insurance Co.*, 235 Mo. App. 991, 147 S. W. 2d 182, the question of whether or not the injured party was in privity with the insured was presented, and there the court, after

quoting with approval from *Ross* v. *American Employers' Liability Co., supra,* held that no privity existed between these two.

Other authorities of like import are *Boulter* v. *Commercial Standard Ins. Co.,* 175 F. 2d 763, 768; *Application of Commercial Casualty Ins. Co.,* 257 App. Div. 536, 13 N. Y. S. 2d 754; 23 Am. Bar Assn. Journal 553, at 557.

Under §§ 38.1-380 and 38.1-381, one driving a motor vehicle with the consent of the named insured, express or implied, is made an additional insured, and anyone injured by his negligent operation of the vehicle is a beneficiary.

When plaintiff was injured by Goodwin's negligent operation of the automobile, her right of action against him arose. He was personally liable to her for his tortious act, and if driving with the consent of the owner, and thus an insured, the Company would be liable to her if Goodwin met his obligations under the contractual provisions of the policy.

It is true that plaintiff's right to obtain satisfaction from the Company within the limits of the policy for the damages sustained by her are dependent upon the terms of the policy and applicable statute. Yet her rights, if any, as a beneficiary under the policy arose prior to the adjudication in Goodwin's case, and she does not stand in privity with Goodwin. He and the Company may not litigate and have her rights against the Company, which had their inception at the time of her injury, determined in an action to which she is not a party.

Sections 38.1-380 and 38-1.381 voice the public policy of this State and by force of their provisions, they are a part of the policy of liability insurance. Quite an anomalous situation would exist if rights and interests of injured parties for whose benefit and protection this legislation was enacted could be defeated by actions at law or in equity solely between the other two parties to what the statutes make a tri-party contract.

In this battle royal all combatants are at least entitled to be in the ring when the bout begins.

The judgment appealed from will be reversed, and the cause remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed and remanded.*

HUDGINS, C. J., dissenting.

The insurance policy involved is a contract between the insured and the insurer wherein the obligations of each party to the other are definitely stated, with certain limitations and conditions affecting the validity of the contract and the rights of each under it. The statutes (Code, §§ 38.1-380 and 38.1-381) do not contravene or void any of the limitations or conditions stated in the insurance contract. These statutes merely provide that, if the contract is valid and in force as between the parties to it at the time of the accident, an injured third party may maintain an action on the contract against the company, provided that such third party has obtained a judgment against the insured for the injury sustained and an execution on the judgment has been returned unsatisfied. Code, § 38.1-380 provides that such an action may be maintained against the insurer on the judgment "under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under the policy or contract."

The judgment upon which this action is based is not against the named insured, Martha Virginia Olsen, or a party operating the automobile with her permission expressed or implied. It conclusively appears in the record of the action between Goodwin and the insurance company that Goodwin, who was operating the automobile at the time of the accident, was not the insured and not otherwise covered by the policy. The right of the injured plaintiff to maintain this action is derived from and through Goodwin and can rise no higher than his rights under the policy. If, in the action between Goodwin and the insurance company, it had been judicially determined that Goodwin was insured at the time of the accident, the company would have been precluded from litigating that issue in this action. *Wright* v. *Schick*, 134 Ohio St. 193, 16 N. E. 2d 321, 121 A. L. R. 882, and authorities cited in the appended annotation.

It would be inconsistent to hold that an adverse judgment was conclusive and binding upon the insurance company and that a judgment favorable to the company was not binding upon the insured and those claiming through him.

In *Conold* v. *Stern, et al.*, 138 Ohio St. 352, 35 N. E. 2d 133, 137 A. L. R. 1003, Charles Luntz was killed and Helen Conold injured when an automobile driven by Carl Stern, upon which he held a liability insurance policy, collided with another vehicle. Luntz' ex-

ecutors recovered judgment against Stern for decedent's wrongful death. Under a statute quite similar to §§ 38.1-380 and 38.1-381, Code 1950, the executors then sued the company that carried the liability insurance on Stern's car. The company defended on the ground that there was no coverage because of the breach by Stern of the cooperation provision in the policy and judgment was awarded in its favor.

Helen Conold, having also recovered judgment against Stern for personal injuries, instituted action against the insurance company on the policy. As a defense the company interposed the judgment rendered in its favor in the action brought by Luntz' executors and asserted that it was res adjudicata of plaintiff's claim. In sustaining that defense, the court, at 137 A. L. R., page 1012, said:

"*Res adjudicata* or estoppel operates not only between parties to an action but between parties, and others not parties, as to the derivative rights of the latter which flow from those who were adversary parties in the action. * * *"

In *State Farm, etc. Ins. Co.* v. *Arghyris*, 189 Va. 913, 55 S. E. 2d 16, judgments were recovered against Dennis R. Bohler by Nicholas A. Arghyris, an infant, and by his father, Christ Arghyris, for damages resulting from an automobile accident. In actions brought by the two judgment creditors against State Farm Insurance Company, liability insurer of the automobile involved in the accident, the company defended on the ground that insured, Bohler, had violated the cooperation provision in the policy. Judgments against the company were awarded in the trial court. However, upon appeal it was held that Bohler's clear and deliberate violation of the conditions of the policy relieved the company of liability to him, and as he had no rights under the policy against the company, plaintiffs had none. In reversing the judgment, we said:

"The company had no contract with Arghyris or his son. They claim through Bohler, have his rights and are under his disabilities. Bohler must have done those things which he contracted to do before he had a right to recover against the company. If Bohler had no such right, Arghyris and his son were without right. *Hunter* v. *Hollingsworth*, 165 Va. 583, 589, 183 S. E. 508." 189 Va. at page 922.

There was no collusion in the action brought by Goodwin against the company. He and the company then occupied antagonistic and adversary positions, and the issue was squarely put of whether or not he was driving the vehicle with the permission of the owner, express

or implied, and thus an insured under the policy and statute. That issue was resolved adversely to him and binds him and those who derive their rights through him.

In the case brought by plaintiff against the company, she claims under the same policy. She has no contractual or statutory rights against the company except through Goodwin. Her rights against the company could not arise until she secured judgment against Goodwin and then such rights would be wholly dependent upon his status under the policy, which has been judicially determined to be not that of an insured.

The rugged statement in the majority opinion that, "In this battle royal all combatants are at least entitled to be in the ring when the bout begins," is catchy and appealing, but it creates an erroneous impression of the law. Plaintiff in this case was represented by Goodwin in the "ring" when the "battle royal" began; she now desires to fight the same battle with the victor who defeated her representative. This is contrary to the accepted Marquis of Queensberry rules. Furthermore, she had no right to enter the "ring" in person, against the insurance company, until she had been successful in an independent "bout" with an insured.

I think the judgment of the trial court should be affirmed.