CITY OF NORFOLK

V.

JAMES G. INGRAM

Record No. 850542

April 22, 1988

Present: All the Justices

*M. Wayne Ringer (Richard M. Swope; Williams, Worrell, Kelly & Greer, P.C.*, on briefs), for appellant.
*H. Joel Weintraub (Decker, Cardon, Thomas, Weintraub, Hitchings & Burgess*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether a motor vehicle owner's direction to a user not to operate the vehicle while under the influence of intoxicants effectively limits the omnibus insurance coverage required under Code § 38.2-2204.

James G. Ingram, a Norfolk detective acting as an undercover drug investigator, brought this declaratory judgment action against his employer, the City of Norfolk (the City), and Travelers Insurance Company (Travelers), the liability carrier for his personal automobile. Ingram sought an adjudication of insurance coverage for claims made against him when Ingram, while driving a City car which was self-insured by the City, collided with another car. Both defendants denied liability. The trial court heard the evidence and concluded that the city was obligated to provide coverage, but that Travelers was not.

The case is now before us upon the City's appeal. In accord with well-established appellate principles, we consider the evidence in the light most favorable to Ingram, who prevailed in the trial court.

The Commonwealth supplied the City of Norfolk with six or seven cars that the Commonwealth had confiscated for violations of law. The City furnished those vehicles to Ingram and other un-

dercover drug investigators for use in their work. Ingram was permitted to keep a car at his home and to drive it to and from work. He admitted at trial that his superiors had directed him not to drive the car while under the influence of intoxicants or use it for his personal purposes. Ingram's superiors knew, however, that he had previously used the car for a number of personal purposes, occasionally detouring a distance of three miles from the authorized route to pick up his children from their day care center.

In the evening of March 17, 1982, Ingram drove the city-owned car from his home to conduct a surveillance of a reported "drug home." He left his surveillance post after about half an hour and drove to a nearby shopping mall on a personal errand. After stopping for half an hour, Ingram drove to a restaurant about two blocks from the mall. While at the restaurant he drank four double margaritas, alcoholic drinks made with tequila. After leaving the restaurant, Ingram returned to the mall, where he met a friend whom he agreed to take home in the city-owned car.

While on the way to his own home, Ingram had a head-on collision with another car. The mall, the restaurant, the friend's home, and the place of the accident were situated along the normal route from the "drug home" to Ingram's home. Ingram's counsel conceded that Ingram was driving under the influence of intoxicants.

■ On appeal, the City contends that, as a self-insurer, it was not required to provide omnibus coverage to permissive users. Omnibus coverage, it argues, protects a permissive user of another person's motor vehicle against liability for claims arising out of the use of that vehicle. The city's attorney did not make this contention in the trial court. In his motion to strike the plaintiff's evidence, the city's attorney argued that "the Plaintiff's evidence has not proven that the Plaintiff in the case is entitled to any coverage." At the close of all the evidence, the city's attorney based his defense solely upon the ground that Ingram had not been acting within the scope of his employment. As the city's attorney said, "The City would not be contesting this matter if Mr. Ingram had been working within the scope of his employment at the time of the accident." Because we do not find in the record any contention by the City that a self-insurer is not obligated to provide omnibus coverage to the permissive users of its motor vehicles, we will not notice such an argument made for the first time on appeal. Rule 5:25; *Avocet Development Corp.* v. *McLean Bank*, 234 Va. 658, 699, 364 S.E.2d 757, 764 (1988).

■ Therefore, we assume, without deciding, that the City is obligated to provide omnibus coverage to those persons who use the City's self-insured motor vehicles with its consent. For that reason, we do not consider the City's claim that Ingram was not acting within the scope of his employment at the time of the accident. As we pointed out in *Aetna v. Czoka*, 200 Va. 385, 395, 105 S.E.2d 869, 876 (1958), "[o]f course, the issue under § 38-238 [Virginia's omnibus clause, now Code § 38.2-2204], is not one of agency but one of permission."

The City's remaining contention is that Ingram was operating the vehicle outside the scope of his permission. The City claims three deviations: (1) Ingram's shopping and drinking excursions for more than an hour when he was supposed to be heading home from work, (2) his deviation from a direct route home from the place of surveillance when he "backtracked on his route" to go to the mall and restaurant, and (3) Ingram's operation of the car while he was intoxicated.

■ The trial court found as a fact that Ingram had implied permission to use the car at the time. We assume that the trial court considered the evidence showing Ingram's prior personal use of the car with the City's knowledge, which supports a factual inference of permission to operate the car for personal purposes. *See State Farm Mutual Automobile Ins. Co. v. Cook*, 186 Va. 658, 667-68, 43 S.E.2d 863, 867 (1947). The trial court also concluded, as a matter of fact, that the accident occurred when Ingram was driving on the most direct route from the point of surveillance to his home. If there had been a deviation from the direct route, it was no longer material because the collision occurred on the direct route to Ingram's home.

■ The City asserts that Ingram also acted outside the scope of its permission when he operated the car while he was intoxicated, in violation of the City's express orders. We have denied omnibus coverage because of a bailee's violations of an owner's instructions as to the *time* of operation of the vehicle, the *purpose* of its operation, the *route* the vehicle is to be driven, and the *person* who is to operate the vehicle. *See Virginia Farm Bureau Mutual Ins. Co. v. Appalachian Power Co.*, 228 Va. 72, 79-80, 321 S.E.2d 84, 87-88 (1984) (jury issue on disputed facts as to whether owner limited operation of bailed vehicle to two persons); *Czoka*, 200 Va. at 395, 105 S.E.2d at 876 (use of company truck for personal errand in violation of owner's instructions and at unauthorized place and

time held not to be use within owner's permission and, therefore, not covered by omnibus clause); *Fidelity and Casualty Company of New York* v. *Harlow*, 191 Va. 64, 71-72, 59 S.E.2d 872, 875 (1950) (no omnibus coverage because use of company truck without authority for personal use was outside scope of owner's permission).

█ We have found no prior Virginia case discussing the loss of omnibus coverage because the bailee operated the owner's car in a *manner* violating the owner's instructions. At least one jurisdiction has considered this issue in an analogous factual situation. In *Allstate Insurance Co.* v. *Sullivan*, 643 S.W.2d 21 (Mo. Ct. App. 1982), the court held that a lessee's operation of a rental car while intoxicated, in violation of a specific prohibition in a rental agreement, did not avoid omnibus coverage. Although the decision relied in part upon the fact that the lessee had paid for coverage and on the Missouri court's liberal construction of its omnibus statute, the court pointed out that if an omnibus provision could be limited by forbidding the user to drive while intoxicated, the same rationale would authorize an exclusion of omnibus coverage if the vehicle were operated negligently or in violation of statute. *Id.* at 23.

█ Our omnibus statute, Code § 38.2-2204(A) (formerly Code § 38.2-381), requires that insurance coverage extend to anyone "*using* . . . the motor vehicle . . . with the express or implied consent of the named insured against liability [for claims arising] as a result of negligence in the *operation and use* of such vehicle." (Emphasis added.) The statute is to be liberally construed to effectuate insurance coverage to permissive users. *Storm* v. *Nationwide Ins. Co.*, 199 Va. 130, 135, 97 S.E.2d 759, 762 (1957).

█ Nowhere in the statute do we find any authority to restrict the *manner* of operation. If we were to hold that omnibus coverage to operate a motor vehicle could be conditioned upon a restriction against driving it while intoxicated, there is no rational reason why such coverage could not be limited by the owner's prohibition of the user's operation of the loaned vehicle in violation of law, thus incorporating any traffic violation listed in chapter 4 of Code Title 46.1. Such a rule would essentially undercut the legislative policies of protecting a permissive user against liability to others and creating a means of recovery to any party injured when struck by a vehicle operated by a permissive user. *See Czoka*, 200 Va. at 390, 105 S.E.2d at 873. We do not believe the legislature intended such a result.

Finding no merit in the City's position that its permission to operate the car has been violated and that the violation negated the omnibus insurance coverage, we will affirm the judgment of the trial court.

*Affirmed.*

COMPTON, J., dissenting.

There is no dispute in the evidence that Ingram had been ordered by his superiors not to drive the city vehicle while under the influence of intoxicants. Yet, despite the command of that order, of which Ingram had full knowledge, he intentionally (not negligently or accidentally) proceeded to consume a large quantity of liquor and become thoroughly intoxicated. Then, he drove the vehicle while inebriated causing a head-on collision.

In my opinion, Ingram's permission to use the vehicle ended when he became intoxicated. *See Fidelity, etc., Co. v. Harlow*, 191 Va. 64, 59 S.E.2d 872 (1950). He was obligated by the terms of the permission to park the vehicle and not to drive it until he was sober.

Thus, I would reverse the judgment of the trial court and enter final judgment for the city.

POFF and STEPHENSON, JJ., join in dissent.