896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Royston MOORE, Plaintiff-Appellant,
v.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA; Donald A.
Swofford, Defendants-Appellees.
 No. 88-2611.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1989.
Decided: Feb. 13, 1990.
 
 Clay James Summers, Sr. (Summer & Childress, on brief), for appellant.
 Steven Mark Levine (David Florin, Jane K. Hylinski, Wilson, Elser, Moskowitz, Edelman & Dicker, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and JOHN R. HARGROVE, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The appeal pits Royston Moore against both General Accident Insurance Company of America and Donald Swofford, General Accident's insured. Moore first sued Swofford over damages resulting from Swofford's allegedly negligent renovation work on Moore's home. On the eve of the trial of that action, Swofford confessed judgment. Ten days later, the district court entered judgment against Swofford in the amount of $160,000. Swofford filed bankruptcy on that same afternoon. When Moore attempted to collect the judgment from Swofford's insurer, General Accident, General Accident moved for summary judgment. The district court granted that motion holding that Swofford's action in confessing judgment constituted a breach of the cooperation clause of his policy with General Accident. We remand for further findings.
 
 
 2
 * General Accident issued a professional liability insurance policy to Swofford which covered his "architectural and construction management" services. The policy contained a cooperation clause specifying that:
 
 
 3
 It is a condition precedent to the application of all insurance afforded herein that the Insured shall: (c) cooperate with the Company and upon the Company's request, shall submit to examination and interrogation by a representative of the Company, under oath if required, and shall attend hearings, depositions and trial and shall assist in effecting a settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits....
 
 
 4
 Thus, Swofford was required to cooperate with General Accident in the litigation of claims growing out of his policy. Further, the policy included a "no action" clause. The "no action" clause prevented Swofford from recovering against the policy "until the amount of such loss shall have been fixed or rendered certain ... by final judgment against the Insured after trial of the issues."
 
 
 5
 Moore initiated an action against Swofford. He alleged that Swofford was responsible for a number of negligent acts and omissions and that as architect/construction manager he breached oral as well as written contracts with Moore in failing to deliver both a renovated house and various furnishings for that house. The ad damnum clause for the breach of contract and the negligence claims was for $160,000. Swofford in his answer denied generally both the breach of contract and negligence allegations and asserted affirmative defenses of estoppel, waiver, and contributory negligence. Swofford also asserted a counterclaim.
 
 
 6
 After extensive discovery and the day before the trial, Swofford entered an oral motion to confess judgment. Ten days later, the district court entered an order granting Swofford's oral motion and awarding Moore $160,000. Later that same day, Swofford filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. Secs. 301 et seq. Moore then filed a second suit seeking to collect the judgment, naming General Accident Insurance Company and Donald Swofford. The insurance company moved for and received from the district court summary judgment on the grounds that it was not liable under the policy because of the cooperation and "no action" clauses.
 
 II
 
 7
 An injured party suing an insurer for damages caused by the insured stands in the shoes of the insured. Storm v. Nationwide Mutual Ins. Co., 199 Va. 130, 135, 97 S.E.2d 759, 762 (1957). When an injured party claims through the insured, the injured party has the insured's rights and is also under his disabilities. State Farm Ins. Co. v. Arghyris, 189 Va. 913, 922, 55 S.E.2d 16, 20 (1949). Therefore, Moore had no greater rights than Swofford to coverage under the policy. If Swofford breached the cooperation clause in his policy, Moore could not recover.
 
 
 8
 To establish a defense of breach of a cooperation clause by the insured, the insurer must prove that the breach was willful in a material or essential particular and that the insurer made a reasonable effort to secure cooperation. Continental Cas. Co. v. Burton, 795 F.2d 1187, 1194 (4th Cir.1986). Virginia Code Sec. 38.2-2204(C), formerly Va.Code Sec. 38.1-381, adds an additional requirement. The insurer must show that the noncooperation prejudiced the defense of the action.
 
 
 9
 In State Farm Mutual Ins. Co. v. Davies, 226 Va. 310, 316, 310 S.E.2d 167, 170 (1983), the Virginia Supreme Court set forth the following standard for proof of such prejudice:
 
 
 10
 [W]e favor neither a per se rule that would permit an insurer to show merely that its insured failed to appear at trial nor a rule that would require an insurer to show that, had its insured appeared, the result would have been in his or her favor. Instead, we believe that the proper rule lies midway between these two extremes.... In an action on the policy when the insurer shows that the insured's willful failure to appear at the original trial deprived the insurer of evidence which would have made a jury issue of the insured's liability and supported a verdict in his or her favor, the insurer has established a reasonable likelihood the result would have been favorable to the insured and has carried its burden of proving prejudice under Code Sec. 38.1-381(a1).
 
 
 11
 Citing the above language, the district court decided that Swofford, by "intentionally abort[ing] trial at the stroke of midnight," had breached the cooperation clause as a matter of law. The court found Swofford's action sufficiently similar to the actions of other insureds' noncooperation which the Virginia Supreme Court has held to be a material breach. In Davies, supra, the court found a breach where the insured failed to appear at trial. Similarly, in Cooper v. Insurance Company, 199 Va. 908, 103 S.E.2d 210 (1958), the insured did not assist in preparation for trial and also failed to appear. In State Farm Ins. Co. v. Arghyris, 189 Va. 913, 55 S.E.2d 16 (1949), the insured gave false statements to the insurer and pleaded guilty to a criminal charge arising from the accident.
 
 
 12
 We do not find those cases sufficiently analogous to this situation and hence they are not controlling. As the district court correctly noted, "a cooperation clause could not be construed to require the insured to engage in fraud or other violations of legal responsibility."*
 
 
 13
 Swofford cooperated with the insurer extensively in pretrial discovery. Apparently, he determined that he had no viable defenses. We do not think a duty to cooperate extends to requiring an insured to stand up in open court and perjure himself by testifying to what he feels is untrue. That might require an insured to go forward when there are no valid defenses. The factual dispute about the existence of any viable defenses must be resolved on remand. Certainly Swofford's action has prevented General Accident from asserting defenses. Nevertheless, the existence of their viability must be established before finding a lack of cooperation as a matter of law.
 
 
 14
 We are also troubled by other actions of General Accident. The district court found that the insurance company made a reasonable effort to secure cooperation. We are not persuaded.
 
 
 15
 Certainly, counsel for Swofford, though hired by General Accident, had a primary duty to Swofford. It is equally clear that, monetarily, General Accident was the real party in interest. While counsel advised Swofford that his confession might violate the cooperation clause of the policy, such a protest is, under the circumstances, quite mild. Counsel also knew of Swofford's plan to declare bankruptcy upon entry of the judgment, thereby avoiding any personal liability. Counsel was present with Swofford when he confessed judgment and made little effort to prevent it. Counsel's silence might also indicate that General Accident, too, perceived no viable defenses to Moore's claims.
 
 
 16
 Swofford's confession has thus far relieved General Accident of all liability to Moore. Under the facts as they have been developed so far we find such a result troubling and cannot hold as a matter of law that Swofford's actions constituted a breach of the cooperation clause. We remand for further findings of fact regarding the existence of viable defenses, as well as the extent of General Accident's efforts to prevent or to encourage Swofford's confession of judgment.
 
 
 17
 The judgment below is, accordingly,
 
 
 18
 VACATED AND REMANDED.
 
 
 
 *
 Conversely, finding a breach under the facts before this court may perpetuate just such a violation on the part of the insurance company. We are troubled by a letter in the record from Swofford to his attorney written after the judgment order. The letter indicates Swofford knew and had discussed with his attorney (provided by the insurer) that he would forfeit coverage under the policy. As Swofford wrote, "[i]n other words, Mr. Moore would never have any hope of recovering from the insurance company. I agreed with you that I would do all within my power to assist in protecting the insurance company since they have afforded such help thus far."
 In such circumstances, the possibility of a plan to frustrate Moore's right to recover on the part of the insurance company cannot be dismissed out of hand.