## CIRCUIT COURT OF CHESTERFIELD COUNTY

Virginia Farm Bureau
Mutual Ins. Co.

v.

Francisco Gutierrez et al.

August 16, 1990

Case No. 2580-88

By JUDGE WILLIAM R. SHELTON

This is a declaratory judgment action by Virginia Farm Bureau to resolve a coverage question under an omnibus clause.

On October 11, 1987, Billy M. Simpkins, II, was injured when the automobile in which he was riding, a 1979 Toyota Celica, was involved in an accident. The driver of the automobile at the time of the accident was Dwayne Hardy. Simpkins has filed an action for personal injuries against Hardy claiming negligent operation of the Toyota.

At the time of the accident, the Toyota was owned by Francisco Gutierrez and was covered by a policy of insurance issued by Virginia Farm Bureau listing Francisco and Helen Gutierrez as the named insureds. While the vehicle was titled in the name of Francisco, his son, Guy Gutierrez, was the principal user of the vehicle. On the night of the accident, Guy had allowed Hardy to drive the vehicle. In regard to Simpkins's action for personal injuries, Virginia Farm Bureau was denied coverage to Hardy on the basis that he did not have express or implied permission of Francisco and Helen Gutierrez (the named insureds) to drive the car on the evening of the accident.

The issue of coverage in this case must be viewed in light of the nature and purpose of the "omnibus clause." Every automobile insurance policy in the Commonwealth is required by law to contain:

> a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle . . . *with the expressed or implied consent of the named insured*, against liability for death or injury sustained, or loss or damage incurred, within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle . . . by the named insured or by any such person.

Va. Code § 38.2-2204. The purpose of the "omnibus clause" is to insure that the innocent victims of accidents are fully compensated for these injuries. *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 135 (1957). Case law has established that in order to achieve this purpose, "omnibus clauses" must be liberally construed, such that coverage is broadened to the greatest extent possible. *Id.*, *City of Norfolk v. Ingram*, 235 Va. 433, 437 (1988).

The issue before the Court is whether, under the omnibus clause in the Virginia Farm Bureau policy, Hardy had implied permission of Francisco or Helen Gutierrez to operate the vehicle. This requires a two-step analysis because two permittees were involved. The Court must find that the named insured, Francisco and Helen Gutierrez, must have given the first permittee (Guy Gutierrez) permission to use the vehicle for his "general use," and the first permittee, in turn, must then have given permission, either express or implied, to the second permittee (Hardy). *Va. Farm Bureau Ins. v. APCO*, 228 Va. 72, 77 (1984). As to the second step, the parties have stipulated that Hardy had Guy's implied authority to drive the vehicle.

Virginia Farm Bureau, Inc., argues that Guy did not have "general use" of the vehicle on the night of the accident because some three and one-half years earlier when Guy was first allowed to use the vehicle, his father had restricted the use of the vehicle by telling him that only family members could drive the car. In support of their position, Virginia Farm Bureau cites to the case

of *Va. Farm Bureau, Inc. v. APCO*, 228 Va. 72 (1984). In the *APCO* case, the Court found that only if the named insured gives the first permittee general use of the vehicle, could the second permittee, with permissive use, be covered by the policy. Virginia Farm Bureau argues that the *APCO* case mandates a finding that in this case Guy did not have "general use" of the vehicle, and therefore, the second permittee (Hardy) is not covered under the Virginia Farm Bureau policy. *Id.* This Court disagrees and feels that the facts in this case distinguish it from the *APCO* case.

It is well recognized that coverage cases such as these must be decided on their own particular facts. *Fidelity etc. Co. v. Harlow*, 191 Va. 64, 68, 59 S.E.2d 872 (1950). This Court feels that from the stipulated facts, it is apparent that during the three and one-half years Guy had use of the vehicle, the characterization of his use shifted from restricted use to general use. Although it is true that when Guy was initially given the vehicle, he was told that only family members were to use the vehicle; the restriction was far removed from the facts and circumstances leading up to the accident. The restriction was given some three and one-half years prior to the accident. Guy had been in possession of the car since age sixteen and, by the time of the accident, his possession had evolved into unfettered dominion and control. At the time of the accident, Guy was the primary user and provided all maintenance for the car. His parents had even planned to transfer the title of the car to Guy on his eighteenth birthday but had forgotten. Hardy and others deposed ⸢ll thought the car was owned by Guy. It was not shown that at the time of the accident, Hardy was aware of any restriction on Guy's use of the vehicle. In fact, Hardy had used the automobile with Guy's permission on several other occasions with and without Guy being present in the car. Based on the purpose behind the omnibus clause and on these particular facts and circumstances, this Court must find that Guy had been granted "general use" of the vehicle. From the facts it appears that since the initial restriction was given, Guy's dominion and control over the vehicle had increased substantially such that at the time of the accident, Guy had "general use" of the vehicle.