## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

John D. Kerr et al.

v.

Mark Christopher Greenway et al.

November 18, 1998

Case No. CL97-515

By Judge William H. Ledbetter, Jr.

This declaratory judgment action was tried without a jury on September 22, 1998, at the conclusion of which the court held that Mark Christopher Greenway was not a permissive user when the automobile he was driving collided with a vehicle occupied by the plaintiffs. As a consequence, the policy of insurance issued to General Trading Company (GTC) by National Fire and Marine Insurance Company does not provide coverage for the injuries sustained in the accident.

The plaintiffs, joined by others, filed a motion to reconsider. Memoranda have been filed in support of the parties' respective positions.

For the reasons stated, the motion will be denied.

### Background

The facts are derived from the testimony of witnesses and other evidence adduced at trial and need not be repeated here. To summarize, Greenway was involved in an accident in Maryland on August 17, 1996, in which the plaintiffs sustained injuries. He had acquired the car the previous day from GTC's used car lot in Lorton for the purpose of taking it to Richard Cady in Waldorf, Maryland. Apparently, Cady was associated in some way with Foley's Auto Sales in Spotsylvania County. Greenway frequently sold cars for GTC. On this occasion, he told Richard Willis, GTC lot manager, that he had sold the car and would deliver it to the buyer in Waldorf. Greenway put Foley's dealer tags on the car and, with Willis' permission, drove it from the

lot. Instead of taking it to Cady in Waldorf, however, he drove it to his home in Herndon. The next day, a Saturday, he was in Maryland, supposedly on his way to Waldorf to find Cady when the accident occurred.

## Reasons for Denial of Motion to Reconsider

Throughout this litigation, GTC and its insurer, National Fire and Marine, have contended that GTC was not the legal owner of the car and, consequently, the insurance policy provides no coverage. The plaintiffs argue that this contention is "completely inconsistent" with GTC's assertion that Greenway was not a permissive user at the time of the accident.

The plaintiffs construct the following syllogism: (1) GTC was under the impression that it did not legally own the vehicle; (2) not being the owner, GTC would have no reason to restrict Greenway's use of the vehicle; (3) therefore, the court erred in concluding that the evidence established that Greenway's use of the vehicle was limited. The syllogism is flawed. First, it assumes as true that which has not been proven. Second, it consists of a non-sequitur; i.e., there is no logical connection between the premises and the conclusion.

Unquestionably, GTC and its insurer have attempted to avoid liability in this matter by claiming that GTC was not the legal owner of the car. They have pointed out that the certificate of title was not in GTC's name[1] and that the accident occurred after Greenway had left the GTC lot with Foley dealer tags on the car, presumably having already sold it to a representative of Foley. Despite these apparent misimpressions, however, GTC has never disavowed ownership *interest* in the car. Upon sale of the car, the purchase price would have gone to GTC, less Greenway's commission for selling it. If someone had come on the GTC lot before Greenway removed the car and tendered the asking price to GTC, there is no doubt that that person would have driven the car off the lot with a GTC bill of sale. Suppose Greenway's representation that he had sold the car had turned out to be untrue, or suppose Cady had rejected the car upon inspection; there is no doubt that GTC would have demanded its return to the GTC lot. In other words, except for title, the car "belonged" to GTC.

Because the car belonged to GTC for all practical (and pecuniary) purposes, GTC's evidence regarding Greenway's very limited permitted use is wholly credible and is not improperly inconsistent with GTC's alternative position that it is not liable because it was not the title holder of the car.

---

[1] The draft for the purchase price had not cleared the bank.

Next, the plaintiffs argue that even if Greenway had exceeded the scope of his permission, he had "returned to the scope of his permission at the time of the accident." As a corollary, the plaintiffs contend that a finding of "nonpermissive use" is appropriate only where there is a "direct causal relationship" between the user's deviation from his permitted use and the accident.

The permission granted Greenway was to deliver the car to Waldorf, Maryland, to a specific person who, according to Greenway, had agreed to buy the car. The permission was granted by Willis, a GTC employee, in response to Greenway's representation that he had sold the car to Cady. Based on GTC's relationship with Greenway, Willis reasonably assumed that Greenway would deliver the car straight to Cady in Waldorf. According to GTC, neither Greenway nor any other person — employee or free-lance salesperson — had ever been given permission to use a car for personal reasons, to take it home, or to do anything else but deliver or transport it to a specified destination for sale.

This was a purely commercial transaction of a limited, specified nature. The use of the car by Greenway was a marked and unusual deviation in purpose, time, and direction. He put the car to a use radically different from that which was authorized. See, e.g., *Aetna Cas. v. Anderson*, 200 Va. 385 (1958). Greenway went off on a venture totally unrelated to GTC's business and obviously beyond the scope of Greenway's avowed objective.

The deviation was not slight, brief, or inconsequential. Greenway picked up the car from GTC on a Friday to take the car to Cady, the buyer, in Waldorf. Instead, he took the car home. He lived in Herndon, in the opposite direction from Waldorf.

The plaintiffs make much of the fact that the accident occurred in Maryland, so Greenway "had returned to the use and scope of the permitted use."

The facts of this case are quite different from those in *Norfolk v. Ingram*, 235 Va. 433 (1988), cited by the plaintiffs. Here, the accident occurred the next day, on a weekend, and the evidence is unclear whether Greenway was headed directly for an awaiting Cady or whether he would have had to search for him. Further, the *temporal* deviation, given the limited commercial nature of the permitted use, was gross and substantial. Under the permission granted, Greenway was to deliver the car to a specified person at a specific place on a business day. The accident occurred the next day after Greenway had used the car overnight for personal, unauthorized purposes.

In short, the court, sitting as fact finder without a jury, found that the evidence preonderates in favor of GTC and its insurer on the issue of permissive use.

Although their post-trial memorandum is thoughtful and well written, the plaintiffs offer no new facts or legal authorities to justify an *ore tenus* hearing on their motion to reconsider. The court is of the opinion that its decision of September 22, 1998, is correct and should not be reconsidered and set aside.

For these reasons, the motion to reconsider will be denied.