## CLARK v. ALLEN, Marshal.

### (District Court, W. D. Virginia, August. 25, 1902.)

**1. EXECUTION—LEVY ON REAL ESTATE.**

Code Va. 1887, § 3587, authorizes a levy of execution on personal property, but not on real estate. Acts 1821–22 provided that, in a writ of fieri facias on a judgment or decree against one liable to the commonwealth, real estate might be levied on. The enactment was carried into Code 1849, p. 223, § 8, and Code 1887, § 687. By Code 1819 (volume 2, p. 51), the right to levy on real estate was given only as against certain public officers. Act of congress (Rev. St. § 916) provides that in "common-law causes" in courts of the United States the plaintiff shall be entitled to similar remedies, by execution or otherwise, to reach the property of the judgment debtor, as prescribed by the laws of the state where the court is held "in like causes." *Held*, that an execution from a federal court in Virginia may not be levied on real estate there, though the judgment is in favor of the United States, since the phrase "in like causes" does not give the government the rights of the state, but, as applicable to Virginia, which is not a code state, means "common-law causes."

**2. SAME—STATUTES.**

The rule would not be otherwise had Code Va. 1887, § 687, been adopted after Rev. St. U. S. § 916, which also authorizes the federal courts to adopt from time to time, by rules, such state laws as may be in force touching attachments and other process, since such statute would not give the federal courts power to do more than adopt the state statute.

**3. SAME—CRIMINAL CASE.**

The rule is not different in criminal or penal cases, since Rev. St. U. S. § 1041, provides that a judgment for a fine or penalty may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced.

McDOWELL, District Judge. The following order was entered May 17, 1900:

"Rule of Court: At the regular May term of the circuit and district courts of the United States for the Fourth circuit, in the Western district of Virginia, at Abingdon, on May 17th, 1900, Hon. John Paul, district judge, present and presiding: Upon motion of the United States attorney, it is ordered that the clerks of this district in issuing any writ of fieri facias upon a judgment or decree against any person indebted or liable to the United States, or against any surety of his, do insert after the words 'We command you that of the goods and chattels,' the words 'and real estate,' and conform the subsequent part of said writ thereto. It is ordered that the clerk of this court do certify copy of this order to the other clerks of this district, to the marshal of the district, and the attorney general of the United States. John Paul, District Judge."

Since then all executions on judgments in favor of the government have directed that the real estate of the judgment debtors be levied on. The right to levy an execution on real estate is a question of such importance in this district that I am led to file this supplementary opinion, with the hope that the circuit court of appeals may see fit, in deciding this case, to express an opinion on this point. In my former opinion in this case, dealing with the right of the government to subject the debtor's homestead (114 Fed. 374), I thought it probable that the expression "in like causes," found in the act of June 1, 1872, and section 916, Rev. St., should be given a wider meaning than I have since concluded should be given it.

The question now presented can perhaps be best considered, first, as relating to judgments in civil cases, and next as relating to penal and criminal cases.

1. Judgments in Civil Common-Law Causes. In this state real estate cannot be levied on and sold under execution in favor of an individual.

Section 3587, Code Va. 1887, reads:

"By a writ of fieri facias the officers shall be commanded to make the money therein mentioned out of the goods and chattels of the person against whom the judgment is."

Prior to 1850, the writs of levari facias and elegit were in use, but neither of these authorized a sale of real estate (4 Minor, Inst. [3d Ed.] pt. 1, p. 990 et seq.); and, so far as I know, the law of this state never authorized a levy and sale of real estate on a common-law judgment in favor of an individual.

Section 687, Code 1887, reads:

"In a writ of fieri facias upon a judgment or decree against any person indebted or liable to the commonwealth, or against any surety of his, after the words 'we command you that of the' the clerk shall insert the words 'goods, chattels, and real estate,' and conform the subsequent part of such writ thereto. And under any writ so issued real estate may be taken and sold."

The Code of 1849 (page 223, § 8) uses the same language. The act first appeared in Acts 1821-22. By the Code of 1819 (volume 2, p. 51), this right is given only as against certain designated public officers and their sureties. The history of the federal legislation on the subject of executions is given in Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196.

The act of June 1, 1872, from which section 916, Rev. St., is taken, reads as follows:

"Sec. 6. That in common-law causes in the circuit and district courts of the United States the plaintiff shall be entitled to similar remedies, by attachment or other process against the property of the defendant, which are now provided for by the laws of the state in which such court is held, applicable to the courts of such state; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the state in relation to attachments and other process; and the party recovering judgment in such cause shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided by the laws of the state within which said circuit or district courts shall be held in like causes, or which shall be adopted by rules as aforesaid: provided, that similar preliminary affidavits or proofs, and similar security as required by such laws, shall be first furnished by the party seeking such attachment or other remedy." 17 Stat. 197.

There is no question in my mind as to the power of congress to enact that executions on judgments in favor of the government may be levied on real estate. But the question is, has congress so enacted? The state law, as it was in 1872, and is now, is, in effect, that real estate cannot be levied on under fieri facias, except on judgments in favor of the state of Virginia. If, for instance, the state of Kentucky were to sue and recover judgment in a Virginia state court against a citizen of Virginia, the execution issued thereon clearly could not direct a levy on the debtor's real estate. There is a total

want of authority for a writ directing anything more than a levy on his personal property. By the act of 1872, congress has simply given to judgment creditors in common-law causes in the circuit and district courts the remedies provided by the state law. This law, as above stated, denies the right to levy an execution on real estate to all judgment creditors other than the state of Virginia. It is contended that the language, "similar remedies, * * * by execution or otherwise, * * * as are now provided by the laws of the state * * * in like causes," should be construed as giving to the federal government the same rights as are given by the state law to the state government; the argument being that a cause in which the federal government is the plaintiff is a "like cause" to one in which the state government is plaintiff. But this language does not seem to me sufficient to sustain the contention. An examination of the whole of the section in question leads me to think the words "like causes" mean in Virginia, which is not a "Code" state, merely "common-law causes." The act in part reads:

"That in common law causes in the circuit and district courts of the United States the plaintiff shall be entitled to similar remedies * * * and the party recovering judgment in such cause shall be entitled to similar remedies * * * provided by the laws of the state * * * in like causes." 17 Stat. 197.

The remedies in equity and criminal causes are elsewhere provided for. Equity Rules 8 and 92; section 1041, Rev. St. Consequently, as applied in a state retaining the distinction between common-law and equity causes, I would read the act as if it were written:

"The party recovering judgment in a common law cause shall be entitled to similar remedies * * * provided by the laws of the state * * * in common law causes."

The words "in like causes" were probably used because many of the states had adopted codes of practice which abolish the distinctions between common-law and equity practice, and in such states there are no causes that are technically known as common-law causes. Again, the act makes no distinction between private judgment creditors and the government as a judgment creditor. Fink v. O'Neil, supra. Both are put on the same footing. I can find nothing in the act which shows an intent to give the government any other or greater rights than are given individuals, and the act gives to individual judgment creditors only such rights as are given such creditors by the state law. Unless it can be made to appear that an individual judgment creditor in the United States courts has a right to an execution leviable on real estate, I can see no reason for holding that the government has such right. That an individual recovering a judgment in a Virginia state court cannot levy on anything except the debtor's chattels (and his rights in the federal courts are the same) is very clear. There is nothing in the state law on which to found a contention to the contrary. The rule of court hereinabove quoted does not seem to me to authorize the practice of issuing executions directing that real estate be levied on. The law (17 Stat. 197; Rev. St. § 916) gives the court no power to do more than to adopt, by rule, such state laws as may be enacted after the date of the fed-

eral statute. There has been no change in the state law since 1822. Consequently, I do not perceive any sufficient reason for having made the rule in question. But, even if section 687, Code 1887, had been enacted since the enactment of section 916, Rev. St., this fact would not give the federal courts power to do more than adopt the state statute. The federal law would still be that, if the state of Virginia were the judgment creditor, the execution could direct the sale of real estate, and when any other, whether federal government or private person, is the judgment creditor, the execution could direct no more than a sale of goods and chattels.

2. In Criminal and Penal Cases. Section 1041, Rev. St., provides that a judgment for a fine or penalty may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced. I find nothing in this statute showing an intent to give the government any other rights than are given it, as well as private judgment creditors, in civil cases. It follows that what has been said hereinabove applies to penal and criminal judgments. Executions on such judgments can no more be levied on real estate than can executions on civil judgments.

The decree heretofore rendered in this cause, perpetuating the injunction, is therefore proper.