# Staunton

## J. C. Horney, H. J. Tate, and J. T. Jackson, Partners Trading as Horney Brothers Land Auction Company v. Zenna Lou Todd Mason.

September 5, 1945.

Record No. 2962.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*H. P. Burnett* and *I. M. Quillen*, for the plaintiffs in error.

*S. F. Landreth* and *S. Bruce Jones*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

J. C. Horney, H. J. Tate, and J. T. Jackson, partners trading as Horney Brothers Land Auction Company, brought an action by way of notice of motion for judgment against Zenna Lou Todd Mason for damages alleged to have arisen by her breach of a certain written contract for the sale of her farm located in Russell county.

At the trial of the case the court was of the opinion that there was a material variance between the contract alleged in the notice of motion and the original contract which was introduced in evidence, and the plaintiffs failing to accept the court's suggestion to amend the notice as indicated by the court, the action was thereupon dismissed.

The plaintiffs in error, who will be referred to as the plaintiffs, were interested in the sale of real estate as auctioneers and brokers throughout southwest Virginia.

Mrs. Mason was the owner of a ninety-five acre farm in Russell county. She desired to make sale of her farm and for this purpose she entered into a written agreement, which is as follows:

"Horney Brothers Land Auction Company
"Over 20 years building a sales reputation
"Wytheville, Va. Our Home—The U. S. Our Territory.
　　　　　　　　　　　"Date: April 15, 1944
"I hereby authorize you and give you sole authority for a period of 60 days, exclusively, to survey or subdivide and sell or buy the following described property:

"95 acres more or less, known as Ed Mason Farm, possession to be given when all crops are removed. Non-interest bearing notes till possession is given.

"Either at auction or; privately, and will pay you . . . . . and all over any amount the property brings over $9500.00.

"Terms, 1/3 cash, bal. one, two and three years.

"If you sell the above described property within the time specified herein at the price named above, I will make and deliver good and sufficient deed to you or your purchasers, and pay you your commission or overage out of the cash payment.

"Mrs. E. H. Mason (Signed)

"J. C. Horney      (Signed)

Witness: H. J. Tate".

In pursuance of this contract the plaintiffs advertised the property in the Lebanon News, a weekly newspaper published in Russell county.

In accordance with the terms of the agreement it is alleged in the notice of motion that the plaintiffs subdivided the farm and sold it at auction on the premises on the 12th day of June, 1944, upon the terms specified in the written contract; that the purchasers were ready, willing and able to perform their contracts; that Mrs. Mason had agreed to sell the farm for $9,500; and that the plaintiffs should receive as their compensation all over and above that amount received for the said property. The aggregate sum agreed to be paid for the said property according to the allegation was $12,330. The difference of $2,830 is the amount for which the action was instituted.

In the notice of motion for judgment it is alleged that the contract was made with the plaintiffs as partners trading as Horney Brothers Land Auction Company, and that in pursuance of the said contract they, having made the sale, are entitled to the sum sued for. But they allege that the defendant has refused and still refuses to comply with the contract, and refuses to make and deliver the deeds to the

purchasers of the said land as she had agreed to do, and that she had refused to pay the plaintiffs the sum of $2,830.

The case is before this court solely upon a question of procedure. When the court below observed that the contract introduced in evidence was executed by Mrs. E. H. Mason and J. C. Horney alone, it stated that there was a variance between the contract and the contract alleged in the notice of motion, and the court suggested that the plaintiffs amend their notice of motion so that it would show "that the contract is sued upon by J. C. Horney for the benefit of himself, and H. J. Tate and J. T. Jackson".

The plaintiffs did amend the notice of motion, but they did not make the amendment in the language suggested by the court. Their amendment was to the effect that Horney had signed the contract on behalf of himself and Tate and Jackson.

The court thought that the amendment made by the plaintiffs was not sufficient and, upon motion of the defendant, dismissed the action.

Our sole quest is to determine whether or not the notice of motion, as amended, is sufficient. The language of the amended notice discloses that the action was brought by the three partners upon a contract made by Mrs. Mason, on the one part, and J. C. Horney on the other, upon his own behalf and upon the behalf of H. J. Tate and J. T. Jackson, his partners.

We do not think there is any substantial difference between the amendment suggested by the court and the amendment as actually made by the plaintiffs. They both disclose that while the contract was actually made between Mrs. Mason and Horney it was, in reality, intended for the benefit of Tate and Jackson also. In other words, there could be no doubt that Tate and Jackson had an interest in the contract from either the language of the suggested amendment or that actually used in the plaintiffs' amendment.

The trial court very properly held that whether the contract was enforced by J. C. Horney or by Horney, Tate

and Jackson, as partners, it was not apparent, in either event, that Mrs. Mason would have been prejudiced.

A person may have a beneficial interest in a contract to which he is not a *named* party. The contract might be made for the sole or partial benefit of such person and, under our statute, Code, sec. 5143, as revised in 1919, he may maintain an action thereon in his own name. It is only essential that such person have a beneficial interest in the contract, "in whole or in part."

The statute is now carried in Michie's Code of 1942 as section 5143. The revisors, in the 1919 revision, broadened the statute very materially and since that time there has been no change. It, including the title, now reads as follows:

"When person not named a party, or named jointly with others, may take or sue under instrument.—An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon, which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise. In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well. (Code 1887, section 2415.)"

The revisors added a very comprehensive note to this statute which is entirely self-explanatory. It reads as follows:

"As this section stood before the revision it applied only to a covenant or promise made for the sole benefit of a person. It will be observed that the section has been so changed as to be applicable where the covenant or promise is for the benefit, in whole or in part, of a person, thereby changing the law in this respect. No good reason was per-

ceived for limiting the relief to a promise for the sole bene-
fit of a person.

"Section 2415 of the Code of 1887 was under review in
the case of *Newberry Land Co.* v. *Newberry*, 95 Va. 119,
27 S. E. 899, and it was there held that if the covenant was
*inter partes* the beneficiary could not sue unless expressly
named or pointed out by the instrument. In 4 Va. Law
Reg. 616, it is suggested that the plaintiff in that case might
have sued under section 2860 of the former Code (5768 of
this Code), which gives a right of action in his own name
to the assignee or beneficial owner of a chose in action. As
the latter section gives a right of action to the beneficial
owner, of course it is not necessary that he should be named
in the instrument, but it is simply necessary to show that he
is the beneficial owner. It seemed that this section should
be made as comprehensive as section 5768, above referred to,
and no good reason was seen why the beneficial owner
should be named in or pointed out by the instrument.
Hence, the words 'whether named in the instrument or not,'
found in line seven of the text, are new. Of course, if the
beneficial owner is allowed to sue, the promisor or covenan-
tor should be allowed all defenses against him. This is pro-
vided for in the last sentence of the section."

The Virginia cases decided both before and subsequent
to the revision may be found in the annotation to the sec-
tion in Michie's Virginia Code of 1942. They will not be
cited here.

What has been said is expressly limited to the procedure
in this case. It is not intended to affect the merits of the
case which will be developed upon a new trial.

The judgment of the trial court is reversed, and the case
is remanded for a trial on the merits.

*Reversed and remanded.*