Mrs. Marjorie B. **CHITTY**, as Administratrix of the Estate of J. Bunyan Baxley, deceased, Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant.

Civ. A. No. AC-1408.

United States District Court
E. D. South Carolina,
Aiken Division.
July 20, 1965.

See also, D.C., 36 F.R.D. 37.

Sol Blatt, Jr., Blatt & Fales, Barnwell, S. C., for plaintiff.

Edward C. Cushman, Jr., Henderson, Salley, Cushman & Summerall, Aiken, S. C., and James J. Bush, Jr., Barnwell, S. C., and Nelson, Mullins, Greer & Scarborough, Columbia, S. C., for defendant.

Thomas E. McCutchen, Columbia, S. C., for intervener-defendant, Gloria Boyleston.

SIMONS, District Judge.

This action is before the court on motion of Mrs. Gloria Boyleston to intervene as party-defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure; and on motion of plaintiff to strike from defendant's answer, pursuant to Rule 12[f] of the Federal Rules of Civil Procedure the following: [a] Paragraphs 8 and 10 of the First Defense, [b] the second defense, [c] the third defense, [d] the fourth defense and counterclaim.

Oral argument by counsel for plaintiff, defendant, and proposed intervener was heard in Aiken, S. C., on March 5, 1965, and written memoranda were later submitted by all parties.

The court will first consider the motion by Mrs. Boyleston [hereinafter referred to as intervener] to intervene as a party-defendant. This action was commenced by plaintiff, as administratrix of a deceased insured, against the defendant insurer State Farm based upon the negli-

gence or bad faith of the insurer in failing to settle a state court tort action in Barnwell County, South Carolina, against the estate of the insured within the policy limits of the insured's coverage when it had reasonable grounds and opportunity to do so. The intervener was the plaintiff in the tort suit out of which this controversy arises, and in which she recovered judgment against the insured's estate in that action for an amount considerably in excess of the policy limits, which excess has not been paid to her. She contends that she should be allowed to intervene in this action, in that her only opportunity to collect the excess judgment will be determined by this suit; that she will be bound by the judgment obtained herein; that she may be adversely affected by a distribution of any judgment awarded plaintiff herein, unless her rights are protected to the extent of the unpaid excess verdict; and that her claim is consistent with the action asserted by plaintiff and there are common questions of fact and law. She contends that she should be permitted to intervene in this action as a matter of right pursuant to Rule 24[a] [2] [1] and Rule 24[a] [3]; [2] or in the alternative she should be allowed to intervene in the discretion of the court pursuant to Rule 24[b] [2].[3] After a careful consideration of this matter, the court has concluded that legally intervener has no interest in the subject suit, nor does her claim or assertions have questions of law or fact common to the main action.

Intervener contends that, as a judgment creditor against insured's estate for the amount in excess of the policy limits, she has the right to sue the insurer for negligence or bad faith in failing to settle within the policy limits, citing Kleinschmit v. Farmers Mut. Hail Ins. Assn., 101 F.2d 987 [8th Cir. 1939] and Auto Mut. Indem. Co. v. Shaw, 134 Fla. 815, 184 So. 852 [1938]; annot. 40 A.L.R.2d 168, 195. However, these decisions were based upon express provisions contained in the subject policies before the courts in those actions which contractual provisions are not found in the policy covering the deceased insured herein. Furthermore, the majority rule is that a tort judgment creditor of an insured is not subrogated or vested with any rights an insured might have against his liability insurer for failure to settle a tort claim within policy limits. Chittick v. State Farm, 170 F.Supp. 276 [D.C.Del.1958], and cases cited therein.[4]

1. 24 [a] [2] provides: "Upon timely application anyone shall be permitted to intervene in an action when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action."

2. 24 [a] [3] provides: "Upon timely application anyone shall be permitted to intervene in an action when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

3. 24 [b] [2] provides: "Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state govermental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

4. See the lucid opinion of Judge Whittaker in Wessing v. American Indemnity Co. of Galveston, Texas, 127 F.Supp. 775 [D.C.Mo.1955], where at page 782 he states:
   "Here, the excess liability asserted arises out of the relationship between the defendant, the insurer, and its in-

In addition intervener released any and all rights she may have had against State Farm in the order of the state court providing payment to her of the full amount of the policy limits by State Farm.

■ Mrs. Chitty, plaintiff herein, has a greater interest in the final outcome of the subject suit than does the intervener. Furthermore, plaintiff in the instant action is being represented by the same, very able lawyer who represented intervener in the personal injury action in the state court; and this court is completely satisfied that Mrs. Boyleston's interest in the subject action will be adequately represented and protected. Consequently, there exists no necessity nor legal right for her to intervene in this action as a party-defendant over the strenuous objection of the defendant, State Farm. Therefore, Mrs. Boyleston's motion to be permitted to intervene as a matter of right or in the alternative in the discretion of the court will be denied.

■ Plaintiff's motion to strike from defendant's answer seeks to strike two defenses asserted upon ground that they do not constitute sufficient defenses, as a matter of law. Paragraph 8 of defendant's first defense and the second defense both allege that the trial judge's refusal to direct a verdict in favor of the plaintiff after all the testimony was presented in the original tort action in the state court conclusively rebuts any assertion by plaintiff that State Farm acted negligently or in bad faith in failing to settle the subject claim prior to trial, since "it has been judicially determined that the issue of liability in the action brought by Mrs. Gloria Boyleston was not a matter free from doubt, but, on the contrary was a matter concerning which reasonable men could differ and, therefore, plaintiff is barred from any recovery in this action." [5] It is my opinion that these allegations do not constitute a valid defense to plaintiff's action, since the issues here are based upon matters as they existed prior to the actual trial of the tort suit and not upon what occurred during the trial itself. The question in the instant suit is whether or not defendant was guilty of negligence or bad faith in not settling the original tort suit within the policy limits as it had an opportunity to do, under all the circumstances as they existed prior to said trial. As I view the situation, the actions of the tort suit trial judge in deciding questions of law during the trial cannot be asserted as a defense to plaintiff's cause of action, and such allegations should be stricken from the answer. Plaintiff also moves to strike paragraph 10 of defendant's first defense and the third defense upon the ground that such allegations do not constitute a valid defense, as a matter of law. These allegations generally contend that the excess judgment has not been paid, that there are no allegations in the complaint that the deceased insured's estate is financially able to pay the excess judgment, or that the judgment creditor will attempt to collect the same, and that, therefore, plaintiff's complaint fails to state a claim upon which relief can be granted and that plaintiff is barred from any recovery.

In deciding this issue the court must determine whether or not it is necessary

sureds. Mrs. Douglas was a stranger to that relationship. The defendant owed her no duty at all. Hence, I fail to see how it could be liable to her, in tort, for a breach of duty, for it owed her none. Moreover, her complaint shows that had her offer to settle been accepted she would have gotten $15,000, but, because it was rejected, her cause went to trial and she obtained a $47,500 judgment, $15,000 of which has been paid. Thus, she did not lose, but stands to benefit, by the failure of defendant to accept her offer of settlement."

5. Quotation from paragrah 3 of second defense in defendant's answer.

that the excess judgment must first be paid by insured's estate before an action can be maintained by it against the insurer; and if not paid, then must there be a showing that the insured's estate is sufficiently solvent to pay the judgment, or that the judgment creditor has attempted to collect the judgment.

■ The South Carolina Supreme Court has not decided these issues; and there is a division of opinion from other jurisdictions concerning these questions. However, the Fourth Circuit and a majority of other jurisdictions follow the more logical and better reasoned view that payment of the excess judgment is not required before the insured may bring his suit against the insurer. In Lee v. Nationwide Mutual Insurance Company, 286 F.2d 295 [1961] the Fourth Circuit reversed the decision of the district judge, which held that payment of the excess is required before a suit can be brought against the insurer, saying at 286 F.2d 295:

> "Until the estate is out-of-pocket as a result of the insurer's refusal, reasoned the District Court, the estate has suffered no pecuniary damage and, hence, has no cause of action. Both principle and precedent, his searching discussion reveals, can be advanced for this view. We disagree only because, in the absence of a ruling by the Maryland Court of Appeals, we believe the opposing position offers a sounder resolution of the issue in law * * *.

> "Had the insured survived, even insolvent, the outstanding judgments, as constant and life-long threats to his financial security and rating, would have caused him almost immeasurable damage. Certainly it would have rounded out his cause of

action against the insurer for tort. Logically, his death ought not to relieve the insurer's situation—it ought not to be a boon to the insurer—just as it should not aggravate it. This is emphasized by the utter irrelevance of the death to the insurer's tort, which was committed by the insurer long after the insured's death, with absolutely no connection between the two. Likewise, full recompense of the judgment creditors for their personal injuries and loss is in no wise referable to the death of the culpable insured. The moneys they look to for satisfaction need not have devolved from the deceased; the funds may originate in the estate. In brief, the insurer's wrong was a wrong to the insured's estate, not to him. It is still a wrong despite his death, and it should be remediable at the suit of the estate."

It is my opinion that should the South Carolina Supreme Court consider this problem, it would follow the majority rule as enunciated in Lee, supra, and in many other recent decisions, holding that payment is not a prerequisite to bringing a suit of this nature.[6]

■ Paragraph 10 of defendant's first defense and the third defense, therefore, do not constitute a valid legal defense and should be stricken from defendant's answer.

Plaintiff also moves to strike the fourth defense and counterclaim from defendant's answer. Said counterclaim has heretofore been dismissed by Order of this court dated August 26, 1964, S.C., 36 F.R.D. 37, and, consequently, should also be stricken from defendant's answer.

It is therefore ORDERED that motion by Mrs. Gloria Boyleston to be allowed

---

6. Wessing v. American Indemnity Co. of Galveston, Tex., 127 F.Supp. 775 [D.C. Mo.1955]; Smoot v. State Farm Mutual Automobile Insurance Company, 299 F. 2d 525, 529 [5th Cir. 1962]; Southern Farm Bureau Casualty Insurance Company v. Mitchell, 312 F.2d 485, 497 (8th Cir. 1963]; and National Farmers Union Property and Casualty Company v. O'Daniel, 329 F.2d 60, 66 [9th Cir. 1964]. See also 7 Am.Jur.2nd Automobile Insurance, Section 158, page 490.

to intervene in this action as a party-defendant be and same is hereby denied.

It is further ORDERED that plaintiff's motion to strike paragraphs 8 and 10 of the first defense, the second defense, the third defense and the fourth defense and counterclaim from defendant's answer be and the same is hereby granted.

Each party will pay his own costs.

It is so ordered.