Marshall William DAVIS, an infant by his father and next friend, William Davis, William Davis and Donna McAllister Parks, Complainants,

v.

NATIONAL GRANGE INSURANCE COMPANY, Defendant.

Civ. A. No. 6413.

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 15, 1968.

William E. Fears and Wescott E. Northam, Accomac, Va., for plaintiffs Davis, infant, and Davis.

C. Lester Drummond, Accomac, Va., for plaintiff, Parks.

William King Mapp, Keller, Va., Walkley E. Johnson, Jr., Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Marshall William Davis, hereafter called Marshall, an infant by his father, William Davis, and William Davis, hereafter called William, recovered judgments against Donna McAllister Parks for $25,000.00 and $1,077.00, respectively, with court costs, by reason of injuries suffered by Marshall as a result of the negligent operation of an automobile by Parks. William's judgment was for sums expended by him for his son, Marshall, for medical attention. After recovery of the judgment, National Grange Mutual Insurance Company, the liability insurance carrier on the car operated by Parks, paid $15,000.00 on Marshall's judgment, alleging such sum to the limits of the policy issued by it.

On October 19, 1967, this suit was filed against defendant alleging, among other things, that execution had been issued on said judgment and a return made by the Sheriff of Accomack County on August 16, 1967, marked "No goods found." The complaint further alleges that following the accident and injury, and prior to obtaining said judgments, in negotiations with defendant, the Davises offered to compromise and settle said claims within the alleged lim-

its of said policy, but that defendant in bad faith failed to advise or consult with Parks concerning the said offers or with reference to her responsibility, and otherwise acted in bad faith. As a result thereof, plaintiffs have been damaged. Defendant filed a motion to dismiss (1) for failure to state a cause of action upon which relief could be granted, and (2) that as to William the Court lacked jurisdiction because of the amount in controversy.

Defendant's contention is that (1) the Davises cannot maintain this suit because no tort has been committed against them, and that (2) Parks has not paid the judgment and has suffered no damage because the Officer's return on the execution issued against her returned "No goods found", shows she owns no property and therefore has suffered no damages. These questions will be dealt with in inverse order.

■ Execution was issued on the judgments obtained by the Davises and placed in the hands of the Sheriff of Accomack County to be levied. It was returned marked "No goods found." However, this does not show Parks does not own real or personal property. By the terms of § 8–411 of the Code of Virginia, 1950, as amended, the execution (writ of fieri facias) may be levied on the current money and bank notes, and on "the goods and chattels" of the

judgment debtor. Jurisdiction of the sheriff to make such a levy is in his own county, in this case, Accomack County. Section 15.1–79, Code of Virginia, 1950, as amended. Likewise, the execution cannot be levied on real estate.[1] Parks may own money and notes, and goods and chattels in other locations than Accomack, and may own real estate in Accomack as well as elsewhere. Hence, there is no merit to this contention.[2]

Turning to the next question, defendant says the action sounds in tort, and that no tort has been committed against the Davises; that if any tort has been committed, it is against Parks only, and that the Davises cannot maintain the action; that inasmuch as Parks has not paid anything on the judgment, and does not own property out of which the judgments can be collected, she has suffered no damage and cannot maintain the suit.

■ In a proper case liability may be imposed upon an insurer for excess judgment against an insured for failure to settle within the policy limits.[3] Some courts have imposed liability upon the grounds of negligence,[4] others have adopted the good faith test.[5] As to who is a proper plaintiff in such action, there is likewise a difference of opinion.[6] Some authorities hold that only the insured may maintain the suit,[7] while others hold the injured party may main-

1. Section 8–411, Code of Virginia, 1950, as amended; Clark v. Allen, D.C., 117 F. 699; Allen v. Clark, 4 Cir., 126 F. 738.

2. Payment of judgment not a prerequisite to right of insured to bring suit. Gaskill v. Preferred etc., D.C., 251 F.Supp. 66, affirmed 4 Cir., 371 F.2d 792; Jessen v. O'Daniel, D.C., 210 F.Supp. 317, affirmed National Farmers Union Property & Cas. Co. v. O'Daniel, 9 Cir., 329 F.2d 60; Chitty v. State Farm Mutual Auto. Ins. Co., D.C., 38 F.R.D. 37; Smoot v. State Farm Mutual Auto. Ins. Co., 5 Cir., 299 F.2d 525; Southern Farm Bureau, Cas. Ins. Co. v. Mitchell, 8 Cir., 312 F.2d 485; National Farmers Union Property & Cas. Co. v. O'Daniel, 9 Cir., 329 F.2d 60.

3. Aetna Casualty & Surety Co. v. Price, 206 Va. 749, 146 S.E.2d 220; 29 Am.

Jur., Insurance § 1444 p. 556; 45 C.J.S. Insurance § 936, p. 1067; 7A Appleman, Insurance Law & Practice § 4711 p. 551 FF; Abernethy v. Utica Mutual Ins. Co., 4 Cir., 373 F.2d 565; State Farm Mutual Auto. Ins. Co. v. Jackson, 8 Cir., 346 F. 2d 484; Detenber v. American etc., 6 Cir., 372 F.2d 50.

4. Annotation, Duty of Liability Insurer to Settle or Compromise, 40 A.L.R.2d 168.

5. Id.; Aetna Casualty & Surety Co. v. Price, 206 Va. 749, 146 S.E.2d 220; Radio Taxi Service, Inc. v. Lincoln Mutual Ins. Co., 31 N.J. 299, 157 A.2d 319.

6. 40 A.L.R.2d 195; 29A Am.Jur.Insurance, § 1447, p. 562.

7. Id.

tain the suit directly against the Company.[8] Under the early common law, the injured party had no cause of action against the insurance company because of lack of privity. Today in Virginia anyone injured by the negligence of the insured under the policy is a beneficiary of the policy.[9] Sections 38.1–380 and 38.1–381 of the Code of Virginia, 1950, as amended, were enacted for the benefit of the injured party and are to be liberally construed. Section 38.1–380 makes a part of every policy issued in Virginia a provision that the insolvency or bankruptcy of the insured "shall not relieve the insurer of any of its obligations under the policy or contract," and further, that if an execution on a judgment against the insured is returned unsatisfied, "then an action may be maintained against the insurer under the terms of the policy or contract" for the amount of the judgment, but not to exceed the "amount of the applicable limits of coverage under the policy."[10] The question at once arises whether the language last quoted means the figure limit named in the policy, or whether it means the amount for which the company could be held liable for failure to exercise good faith in handling and disposing of actions against the insured. If it means only the figure limit, then the action cannot be maintained by the insured. If it applies to the injured person, it must apply to the insured. We know it does not prohibit the insured from maintaining an action against the company for bad faith conduct. Another question is, does the action against the insurer sound in tort or contract? In any event, it grows out of the contract of insurance. If the injured party is a beneficiary under the contract of insurance and the policy is made for his benefit,[11] then he should be entitled to maintain an action in his own name for a breach of that contract. Section 55–22 of the Code of Virginia, 1950, as amended, in part, provides that "if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, * * * such person, whether named in the instrument or not, *may maintain in his own name any action thereon which he might maintain in case it had been made with him only* * * *." Since the injured party is a beneficiary under the policy,[12] and it was made for his benefit,[13] it would seem the injured party is intended by the language of Section 55–22 of the Code of Virginia, 1950, as amended, as one entitled to maintain the action in his own name.[14] In Comunale v. Traders & General Insurance Co., 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883, the Court held that an action for damages in excess of the policy limits based on an insurer's wrongful failure to settle is assignable, whether considered as sounding in tort or in contract, and the insured may assign his right to sue to the injured party.

In the case at bar both the injured and the insured are parties plaintiff. Since Parks has not yet paid any sum on account of the judgment and does not allege she is being threatened with injury on account of said judgment, and any recovery will be for the benefit of the Davises, it does not appear any

8. Id.

9. Storm v. Nationwide Mutual Insurance Co., 199 Va. 130, 97 S.E.2d 759, 764, 69 A.L.R.2d 849.

10. The policy is not before the Court. But the statute provides that the policy must include terms at least as favorable as those set out in the statute.

11. Storm v. Nationwide Mutual Insurance Co., 199 Va. 130, 97 S.E.2d 759, 69 A. L.R.2d 849.

12. Storm v. Nationwide Mutual Insurance Co., 199 Va. 130, 97 S.E.2d 759.

13. Aetna Casualty & Surety Co. v. Anderson, 200 Va. 385, 105 S.E.2d 869; Liberty Mutual Ins. Co. v. Venable, 194 Va. 357, 73 S.E.2d 366; Liberty Mutual Ins. Co. v. Tiller, 189 Va. 544, 53 S.E.2d 814.

14. Horney v. Mason, 184 Va. 253, 35 S.E. 2d 78.

injustice or inconvenience can be caused by permitting the suit to continue as it is. Amending the pleadings to show that the action should proceed in the name of Parks for the benefit of the Davises does not appear to be necessary.

The motion is, therefore, denied.