### BANKERS MORTGAGE CORPORATION, Plaintiff,

v.

### Ben A. JACOBS, Sam B. Jacobs, II and National Flood Insurance Program, Defendants.

Civ. A. No. 84–158–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

Aug. 7, 1985.

---

**1580**

E.D. David, Jones, Blechman, Woltz & Kelly, Newport News, Va., for plaintiff.

G. Mark Ailsworth, Mulkey & Ailsworth, Newport News, Va., Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va., H. Joseph Flynn, Federal Emergency Management Agency, Washington, D.C., for defendants.

## OPINION

DOUMAR, District Judge.

This matter is before the Court upon plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reason stated below, plaintiff's motion is to be GRANTED.

The plaintiff, Bankers Mortgage Corporation (a South Carolina corporation), purchased a note with the accompanying deed of trust made by James Charles, to a David Short and J. Johnson securing the said note to the Kennedy Mortgage Co. The note was in the sum of $60,200.00 and the deed of trust was for property located at 218 Lighthouse Drive, Hampton, Virginia. The deed of trust was recorded on January 26, 1979 in the Clerk's Office of the Circuit Court of the City of Hampton, Virginia. The said property was later sold to the defendants, Sam B. Jacobs, II and Ben A. Jacobs. The Jacobs purchased the property and executed the deed of assumption wherein they assumed the payment of the $60,200.00 note.

The property was insured for flood loss by the defendant, National Flood Insurance Program (NFIP). On or about October 24, 1982, the property in question was damaged by a flood. Alleging that the NFIP has refused to honor a claim it submitted, the plaintiff brought suit against the NFIP. In the same action the plaintiff, claiming that the Jacobses have defaulted on the underlying loan, brought suit against the Jacobses.

The Jacobses answered the complaint by stating that the plaintiff is not entitled to recover from them on the note because there is no privity of contract between them and the plaintiff. The plaintiff then responded [1] by this immediate motion for summary judgment. The plaintiff asserts that there is no genuine issue as to any material fact and therefore the plaintiff is entitled to a judgment in its favor as a matter of law.

The sole issue before the Court is whether a noteholder (mortgagee) may obtain a judgment against one who has assumed payment of the note without first instituting foreclosure proceedings upon the property securing the note. There is no privity of contract between the noteholder and the

---

1. The plaintiff actually amended its complaint for a reason not germaine to the instant issue. Plaintiff's motion was made in response to the Jacobses' answer to the first complaint. Although the plaintiff did not renew its motion after the defendants responded to the amended complaint, the defendants' response was similar and the Court will therefore assume the issue was preserved and ripe for adjudication.

assumer. This Court finds that a mortgagee need not first foreclose upon the property prior to obtaining a judgment against a subsequent purchaser who assumes in writing the obligation secured by the property, as there need be no privity of contract under the present third party beneficiary statute of Virginia. Va.Code § 55–22 (1981).

When one purchases property *subject to* an existing lien the purchaser is not personally liable for any deficiency. In such a case the defaulter can only lose the underlying property. Unlike taking property subject to an existing lien, when a purchaser takes property and *assumes* the underlying lien the purchaser is personally liable for the indebtedness including any deficiency that may result from foreclosure. The mortgagee's right to hold a subsequent purchaser liable is not grounded in contract between the mortgagee and the subsequent purchaser, as generally no such contract exists, but on the theory that the covenant of the subsequent purchaser is a collateral security obtained by the mortgagor, which by equitable subrogation inures to the benefit of the mortgagee. 13 A Michie's Jurisprudence, *Mortgages and Deeds of Trust*, § 69 (1978). Thus, as between the original mortgagor and the subsequent purchaser, the latter is the principal debtor and the mortgagor is his surety. The promise of a subsequent purchaser to assume the mortgage debt upon the property is a contract only between the two of them absent an independent undertaking by the purchaser and the mortgagee. Admittedly, the contract benefits the mortgagee but the primary beneficiary of this collateral undertaking is the mortgagor. Therefore, absent some statutory authority, no direct action at law (as distinguished from equity) by the mortgagee against the second mortgagor will lie. *Thacker v. Hubard*, 122 Va. 379, 94 S.E. 929 (1918). If upon foreclosure the property does not bring enough to satisfy the entire debt, the mortgage creditor may proceed in an equity court against the subsequent purchaser for any deficiency. *Hubard v. Thacker*, 132 Va. 33, 110 S.E. 263 (1922).

With these concepts in mind the defendants citing the case of *Hubard v. Thacker*, 132 Va. 33, 110 S.E. 263 (1922), argue that no direct action at law by the mortgagee will lie against a subsequent purchaser. Defendants are of the opinion that the mortgagee's recourse is to foreclose on the property and then institute equity proceedings for the deficiency, if any.

A careful reading of the *Thacker* cases, *supra*, reveals that the cases involved the construction of Va.Code § 2415 (1887) which at that time read:

> ... if a covenant or promise be made for the *sole benefit of a person with whom it is not made*, ... such person may maintain in his own name any action thereon, which he might maintain in case it had been made with him only, and the consideration had removed from him to the party making such covenant or promise.

(emphasis added).

The statute, however, has since been amended so as to provide that:

> ... if a covenant or promise be made for the benefit, *in whole or in part*, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him to the party making such covenant or promise. In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well.

Va.Code § 55–22 (1981) (emphasis added). The legislative history of these statutory provisions reveal that the statute was amended, in part, in order to enable one not a party to a contract but who is only a partial beneficiary rather than a sole beneficiary to directly sue the promisor. *See Blanton v. Keneipp*, 155 Va. 668, 156 S.E.

413, 416–17 (1931); *Horney v. Mason*, 184 Va. 253, 35 S.E.2d 78, 80 (1945).

As the mortgagor was a partial beneficiary of the deed of assumption, the current statute permits the very cause of action which the plaintiff brings in this Court. Utilizing this statute and applying a third party beneficiary theory, the plaintiff may directly sue the defendants at law without resorting to foreclosure.

Therefore, plaintiff need not institute foreclosure proceedings prior to suing the defendants. Accordingly, plaintiff's motion for partial summary judgment is GRANTED and an appropriate judgment order shall issue upon presentation.

IT IS SO ORDERED.