## CIRCUIT COURT OF ALBEMARLE COUNTY

Kenneth G. Munson, Jr.

v.

Aetna Casualty & Surety Co.

November 18, 1994

Case No. 5962-L

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Demurrer of Aetna Casualty & Surety Company to the Motion for Judgment filed by Kenneth G. Munson, Jr. The background facts show that Plaintiff was injured on June 29, 1990, when his automobile was struck by a vehicle operated by Brandon S. Cook. Mr. Munson filed a Motion for Judgment against Mr. Cook in this court in an action styled *Kenneth G. Munson v. Brandon S. Cook*, No. 5183-L. At the time of the accident, the Aetna Casualty & Surety Company allegedly insured Mr. Cook. Aetna denied coverage for Mr. Cook, and counsel hired by Aetna was permitted to withdraw as counsel for Brandon S. Cook on August 25, 1993. On November 12, 1993, this Court entered a judgment in the amount of $273,000.00, plus interest and costs, in favor of Mr. Munson against Mr. Cook in Law No. 5183-L.

Mr. Munson has now sued Aetna Casualty & Surety Company alleging that Aetna breached its contract with Mr. Cook by instructing its counsel to withdraw from the defense of Brandon S. Cook and by permitting judgment to be rendered by Mr. Cook without providing a defense. Further, Mr. Munson alleges that Aetna acted in bad faith and is suing for the $273,000.00 plus interest and costs awarded to Munson in the lawsuit herein mentioned.

The issue in this case is whether or not a judgment creditor is a beneficiary under an insured's insurance policy and therefore entitled to bring a

bad faith action against the insurer for failure to settle within the limits of the policy. There are two conflicting federal cases on point.

In *Davis v. National Grange Ins. Co.*, an insured and her judgment creditors brought suit jointly against the insurer, alleging a failure to settle within policy limits. 281 F. Supp. 998 (E.D. Va. 1968). Holding that the judgment creditors were entitled to bring suit in their own names against the insurer, the court noted that insurance policies are made for injured parties' benefit and that therefore anyone injured by an insured's negligence is a beneficiary under that insured's policy. *Id.* (citing *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 135 (1957) ("it is clear that an injured party is a beneficiary under the policy from the moment of injury . . . .")

Two years later, the Fourth Circuit Court of Appeals rejected *Davis* in *Rowe v. United States Fid. and Guar. Co.*, 421 F.2d 937 (4th Cir. 1970). The *Rowe* court held that an injured party may not bring an action against an insurer for failure to settle a claim, either as a judgment creditor of the insured or as a third-party beneficiary because such an action is reserved to the insured. *Id.* at 938-39. The court specifically rejected the reasoning in *Davis*:

> We do not find the reasoning in *Davis* to be persuasive. The plaintiffs in the instant case have received all that they were entitled to recover as third-party beneficiaries under the insurance policy, i.e., the full measure of protection afforded by the policy within designated limits.

*Id.* at 940. Thus, while the *Rowe* court refused to allow a judgment creditor to bring suit for an insurer's breach of contract to settle, the court indicated its approval of the judgment creditor's entitlement to recover to the extent of the policy limits of coverage. *Id.* The court refused to grant recovery beyond those limits, however, because the judgment creditor benefits from the contract between the insurer and the insured only when the insurer breaches its contract to settle within policy limits. *Id.* at 939.

The language of § 38.2-2200 of the Virginia Code, as amended, suggests that *Davis* represents the appropriate rule to follow in the instant case. The General Assembly provided for equal treatment of judgment creditors and insureds under Virginia insurance policy provisions. *See* Va. Code Ann. § 38.2-2200(2) (Michie 1994) ("[n]o policy . . . shall be issued . . . unless it contains . . . provisions that are at least equally favorable to the insured and to judgment creditors.") Equal treatment would seem to

connote equal rights as beneficiaries to bring suit. Worth mention is the fact that the annotators of the Code cite *Davis* as primary authority and refer to *Rowe* only as conflicting authority. *See id.*

However, as defense counsel suggests in its memorandum, the weight of federal authority supports *Rowe* as the appropriate rule. *See Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 836 F.2d 850 (5th Cir. 1988), and cases cited therein; *see generally* 63 A.L.R.3d 677 (1975). The predominant reasoning is, as cited in *Rowe*, that the judgment creditor has no standing to complain of an insurer's breach of its duty to settle because a breach of that duty helps, not harms, the injured party. *Travelers*, 836 F.2d at 850. Other reasons cited are that the insurer's duty to settle runs only to the insured and that the judgment creditor is a stranger to the contractual relationship between the insurer and the insured. *Id.*

It seems important to note that *Travelers*, and by implication the authority cited therein, addressed instances in which there is an "absence of specific statutory or contractual language sanctioning a direct action." *See* 63 A.L.R.3d 677 (1975). In those cases, the courts refuse to entitle the judgment creditor to sue. In the instant case, the judgment creditor essentially argues that § 38.2-2200 implicitly confers the status of beneficiary on anyone to whom an insured is liable for injury. Thus, the judgment creditor argues that any judgment creditor would have standing to sue as a third-party beneficiary under Code Section 55-22.

The conflict between *Rowe* and *Davis* turns on an interpretation of the applicable statute. The statute indicates that the General Assembly intended Virginia insurance policies to favor equally insured parties and those whom they injure. The ultimate beneficiary of a liability insurance policy is the injured party who needs to be made whole, not the injuring party. However, the intent to benefit the injured party extends only so far as the "amount of the applicable limit of coverage." *See* Va. Code Ann. § 38.2-2200 (Michie 1994).

Accordingly, the defendant's demurrer is overruled up to the "amount of the applicable limit of coverage" but sustained as to any amount above the limit.