## CIRCUIT COURT OF FAIRFAX COUNTY

Elm Company

   v.

Michael J. Beaudreau,
Eugene Bedell, et al.

April 22, 1999

Case No. (Law) 159530

BY JUDGE LESLIE M. ALDEN

This matter came before the Court on February 2, 1999, upon the Motion for Judgment filed by Plaintiff Elm Company against Defendant Eugene Bedell to recover damages for the default of a note. Elm Company named several defendants in the Motion for Judgment; however, by the date of trial, Elm Company sought only to proceed against Bedell. Elm Company seeks to recover on an obligation assumed in a Deed and further evidenced, Elm Company contends, by a modification agreement regarding the underlying note. At the hearing, the Court took under advisement the following defenses raised by Bedell:

(1) Whether this action should be brought in equity rather than at law;

(2) Whether, under a third party beneficiary theory, there was an intent to benefit Elm Company under this Note;

(3) Whether the extension by Elm Company of $4,100.00 of credit to another defendant constituted a modification of the Note and released Bedell from liability under the Note; and

(4) Whether the chain of endorsements on the back of the Note was defective.

For the reasons set forth herein, the Court concludes that the defenses are without merit and Bedell is liable to Elm Company for the default under the terms of the Note.

## Factual Background

The following facts are derived from the pleadings filed herein and the evidence introduced at trial. In 1989 Michael and Anne D. Beaudreau sold a piece of real property to Thierry M. Roche and Thomas Santucci, and in exchange, Roche executed a purchase money note for $52,900.00 payable to the Beaudreaus and secured by a Deed of Trust. The Beaudreaus endorsed the Note to the order of Samson Financial Group, Inc., Trustee. Samson Financial Group, Inc., Trustee, subsequently endorsed the Note to the order of SFG Mortgage Pass-Through Certificates Series 89-2, which then endorsed the Note to Ashmead, L.L.C., which endorsed the Note back to SFG Mortgage Pass-Through Certificate Series 89-2. SFG Mortgage Pass-Through Certificate Series 89-2 is a mortgage pool serviced by Elm Company.

In May 1991, Roche sold the property to Bedell and, in the Deed, Bedell agreed to assume the Note secured by the Deed of Trust. After purchasing the property, Bedell and Samson Financial Group, Inc., entered into a modification agreement that purported to extend the due date of the Note. Bedell later sold the property to the Cooks; however, at the time, the Note was in default. Prior to the Cook settlement, Bedell cured the default by executing an additional unsecured note directly to Elm Company. At the time of settlement, the Cooks were short $4,100.00 in cash, and Elm Company provided credit to the Cooks for this amount so that the settlement could proceed. Subsequently, the Note went into default, the property went into foreclosure, and Elm Company instituted this action against Bedell for the deficiency.

## Argument

Bedell contends that because this is a deficiency judgment action, this suit should have been brought in chancery rather than as an action at law, as there was no intent to benefit Elm Company in the Deed as required to recover at law under a third-party beneficiary theory. Elm Company contends that it was a third-party beneficiary of the assumption contract contained in the Deed from Roche to Bedell and, therefore, has standing to bring an action at law.

A third party may bring an action at law in his own name when the third party can show that the parties to the contract clearly and definitely intended

it to confer a benefit upon him.[1] Here, the Deed executed by Roche and Bedell clearly and definitely intended that a benefit be conferred upon the holder of the Note. Pursuant to the Deed, Bedell agreed to assume the Deed of Trust recorded on the property, and the Deed of Trust clearly secured the original Note. See Plaintiff's Exhibit ## 1, 2, and 8. Accordingly, Elm Company, as the servicer for the holder of the Note, is an intended third party beneficiary of this contract and is permitted to bring an action at law, even though it is not specifically named in the Deed.[2] Under this third party beneficiary theory, Elm Company is not required to bring a suit in chancery to recover the deficiency, and the current action is properly before the Court as an action at law. *Bankers Mortgage Corp. v. Jacobs*, 613 F. Supp. 1579 (E.D. Va. 1985).

Next, Bedell argues that the extension of credit by Elm Company to the Cooks, without Bedell's consent, impaired the collateral for the Note and, therefore, excused him from his performance as a surety. Elm Company asserts that the extension of credit to the Cooks was a distinct transaction and in no way modified the terms of the Note.

Virginia adopts a strict rule of construction which requires the discharge of the surety if any change is made in the original contract without the consent of the surety. *Southwood Builders, Inc. v. Peerless Ins.*, 235 Va. 164 (1988). Here, the independent extension of credit to the Cooks was a separate transaction from that undertaken in the Note and did not modify or act to extend the principal debt in any way. Accordingly, this independent transaction did not operate to relieve Bedell of his obligations as a surety.

Finally, Bedell argues that Elm Company was not a holder of the Note because the chain of endorsements on the Note was defective, and, therefore, the Modification Agreement was invalid because it was entered into by

[1] Professional Realty v. Bender, 216 Va. 737 (1976); see also, Va. Code Ann. § 55-22 (1995) which states in part, "if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved him to the party making such covenant or promise."

[2] Casselman v. Gordon, 118 Va. 553 (1916), and Hubard & Appleby v. Thacker, 132 Va. 33 (1922), cited by Bedell, are inapposite because the holdings pertained to an earlier version of § 55-22 of the Virginia Code which only permitted actions at law by non-named parties if the promise was made for the *sole* benefit of the person. Section 55-22 has been modified to permit third party actions when the promise is made for his benefit *in whole or in part*

Samson Financial Group, Inc., an entity which never held title to the Note. Elm Company responds that Bedell waived any right to assert this defense because he agreed to extend the due date of the Note, albeit with the wrong party, and benefited as a result of the extension.

In reviewing the chain of endorsements on the back of the Note, the Court concludes that no defect existed in its chain of title. See Plaintiff's Exhibit # 1. The Note was originally made payable to the Beaudreaus, who then endorsed it payable to the order of Samson Financial Group, Inc., Trustee. Subsequently, Samson Financial Group, Inc., Trustee, endorsed the Note to SFG Mortgage Pass-Through Certificates Series 89-2, which was a proper endorsement. Additionally, in reviewing all of the documents submitted, the Court finds no defect existed as the corporation amended its name through the appropriate procedures with the State Corporation Commission.[3] Accordingly, Elm Company is a holder of the Note.

However, whether the Modification agreement is enforceable is irrelevant as the Court concludes that Elm Company properly was an intended third-party beneficiary to the Deed entered into by Bedell. As such, the Court finds that Bedell is liable for the default on the terms of the original Note. Further, Elm Company's extension of credit to the Cooks in no way impaired the collateral such to relieve Bedell of his duty as a surety.

### Conclusion

For the reasons stated above, the Court finds that Bedell is liable for the default of the Note, and judgment should be entered against him in favor of the Elm Company in the amount of $52,900.00, plus accrued but unpaid interest in the amount of $3,306.24, plus attorney's fees in the amount of 15% of the judgment ($7,935.00), plus interest at the rate of 12.5% from March 1, 1997, until the date of judgment, plus judgment at the judgment rate of interest on the amount of $60,835.00 (principal plus attorney's fees) from the date of

---

[3] To the extent necessary, the Court reopened the evidence in this matter to permit the introduction of the documents provided by Elm Company after the trial on February 16, 1999, notwithstanding Bedell's objections to the introduction of this evidence.

judgment until paid. Judgment should be entered also against Michael D. Cook and Pauline S. Cook on Bedell's Cross-claim for indemnity.